Receipt Number
38994

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Exhibit A

JULIE ANN ROEHM,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

Case: 2:07-cv-10168
Assigned To: Zatkoff, Lawrence P
Referral Judge: Whalen, R. Steven
Filed: 01-10-2007 At 09:13 AM
REM ROEHM V WAL-MART STORES INC
(EW)

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), by and through its attorneys, Dykema Gossett PLLC, gives notice that the above action is removed from the Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division. In support of removal, Defendant states as follows:

1.    On or about December 15, 2006, an action was commenced against Wal-Mart in the Circuit Court for the County of Oakland, State of Michigan, entitled "Complaint And Demand For Jury Trial" and designated as Case No. 06-079562-CK.

2.    Copies of the Summons, Complaint and Jury Demand were served upon Wal-Mart via its registered agent for service on December 20, 2006. Copies of the Summons, Complaint and Jury Demand are attached hereto as Exhibit A.

3.    The Summons, Complaint, and Jury Demand attached hereto as Exhibit A constitute all process, pleadings and orders served upon or received by Wal-Mart in this action.

4.    This Court has original jurisdiction based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332, because, as set forth more fully below, this is a civil action wherein the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees, and is between citizens of different states.

1

Dockets.Justia.com

5.  At the time this action was commenced, and at all times since, including at the time this Notice of Removal of Civil Action is filed, Wal-Mart was and is a corporation organized under and existing by virtue of the laws of the State of Delaware, and having its principal place of business in the State of Arkansas. Wal-Mart was and is a citizen of the States of Delaware and Arkansas, and Wal-Mart is not now and has never been a citizen of the State of Michigan, where this action was brought, within the meaning of 28 U.S.C. § 1332(c).

6.  Wal-Mart is informed and believes that since approximately 1998, including at the time this action was commenced and at the time this Notice of Removal was filed, Plaintiff is and has been a citizen of the State of Michigan. Plaintiff admits that she currently maintains a residence in Oakland County, Michigan. *See*, Exhibit A, Complaint at ¶ 1. Although Plaintiff asserts that she "temporarily relocated" her family from their "home" in Michigan to a "house" in Arkansas for less than a year while she was employed by Defendant, *see id.* at ¶ 11, Plaintiff does not allege that she at any time established a domicile in the States of Arkansas or Delaware.

7.  In accordance with L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys fees. In support of its allegation that Plaintiff's Complaint sets forth a claim in excess of the jurisdictional amount required by 28 U.S.C. § 1332(a), Wal-Mart submits upon the following facts and reasons:

   a.  Plaintiffs' Complaint alleges breach of contract, fraud and misrepresentation, and claim and delivery. Consistent with state court practice, Plaintiffs' Complaint does not specify the sum sought as damages. Rather, the Complaint indicates that Plaintiffs seek an amount in excess of the jurisdictional requirement of that court, which is $25,000.

   b.  Though the Complaint does not plead a specific amount in controversy in excess of the jurisdictional amount, Plaintiff does seek to recover actual damages, including, but not limited to: severance pay in the amount of $325,000, *see* Exhibit A, Complaint at ¶ 10; stock options valued at approximately $500,000, *see id.* at ¶ 8; a restricted stock award with an approximate value of $300,000, *see id.*; and Annual Incentive Payments worth up to $406,250, *see id.*

2

      c.      If the allegations in Plaintiffs' Complaint are proven to be true, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys fees.

8.      This Notice of Removal is filed within thirty (30) days after service upon Wal-Mart of the initial pleadings as required by 28 U.S.C. § 1446(b).

9.      The Oakland County Circuit Court is located in the Eastern District of Michigan, Southern Division.

10.      A Notice of Filing Notice of Removal to Federal Court and a copy of this Notice of Removal of Civil Action have been filed with the Circuit Court for the County of Oakland, State of Michigan, as required by 28 U.S.C. § 1446(d), and copies of the same have been served upon Plaintiff's counsel as verified by the attached proof of service.

11.      Based upon the foregoing, Wal-Mart is entitled to remove this action to this Court under 28 U.S.C. § 1441.

WHEREFORE, Defendant gives notice of removal of this cause of action from the Circuit Court for the County of Oakland to this Court.

Respectfully submitted,

DYKEMA GOSSETT PLLC

_____
Debra M. McCulloch (P34995)
Joseph A. Ritok, Jr. (P25472)
Attorneys for Defendant
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0785

GIBSON, DUNN & CRUTCHER LLP

_____
Eugene Scalia
Karl G. Nelson
David J. Debold (P39278)
Of Counsel for Defendant
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
(202) 955-8500

DATE: January 10, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2007, a true and correct copy of the foregoing *Notice of Removal* was served by certified mail, return receipt requested, upon the following counsel of record:

John F. Schaefer
B. Andrew Rifkin
**The Law Firm of John F. Schaefer**
380 N. Old Woodward, Suite 320
Birmingham, MI 48009
(248) 642-6665
*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Joseph A. Ritok, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　JOSEPH A. RITOK, JR.

DET02\242239.1
ID\AR

Legal Software, Inc.
(800) 530-2255
Approved, SCAO

Original - Court
1st copy - Defendant

06-079562-CK

JUDGE D. LANGFORD MORRIS
ROEHM, JULIE A V WAL MART STO[

**STATE OF MICHIGAN**
6th JUDICIAL DISTRICT
JUDICIAL CIRCUIT
COUNTY PROBATE

**SUMMONS AND COMPLAINT**

Court address: 1200 North Telegraph Road, Pontiac, MI 48341
Court telephone no.: (248) 858-1000

Plaintiff name(s), address(es) and telephone no(s).
Julie Ann Roehm

v

Defendant name(s), address(es), and telephone no(s).
Wal-Mart Stores, Inc., a Delaware Corporation
c/o The Registered Agent, The Corporation Company
30600 Telegraph Road
Bingham Farms, MI 48025

Plaintiff attorney, bar no., address, and telephone no.
John F. Schaefer (P19948)
The Law Firm of John F. Schaefer
380 North Old Woodward, Ste. 320
Birmingham, MI 48009  (248) 642-6655

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

Issued: DEC 15 2006
This summons expires: MAR 16 2007
Court clerk: RUTH JOHNSON

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
[ ] There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
[ ] An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action [ ] remains [ ] is no longer pending. The docket number and the judge assigned to the action are:

Docket no. | Judge | Bar no.

**General Civil Cases**
[X] There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
[ ] A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action [ ] remains [ ] is no longer pending. The docket number and the judge assigned to the action are:

Docket no. | Judge | Bar no.

**VENUE**
Plaintiff(s) residence (include city, township, or village): Oakland
Defendant(s) residence (include city, township, or village): Oakland
Place where action arose or business conducted: Oakland

Date: 12/15/06
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/02) SUMMONS AND COMPLAINT     MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No.    06-    -CK |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2), and that: (notary not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

| Service fee | Miles Traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____  _____
                       Date          Signature
                                     Deputy court clerk/Notary public

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with:

_____
Attachments

_____ on _____
              Day, date, time

on behalf of _____

Signature _____

06-079562-CK



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

RECEIVED FOR FILING
OAKLAND COUNTY CLERK

JULIE ANN ROEHM, Individually,

    Plaintiff,

'06 DEC 15 P 3:58

vs.

No.: 06-        -CK
Hon.:

WAL-MART STORES, INC., a Delaware Corporation

    Defendant.

THE LAW FIRM OF JOHN F. SCHAEFER
BY:   JOHN F. SCHAEFER (P19948)
        B. ANDREW RIFKIN (P46147)
**Attorneys for Plaintiff**
380 North Old Woodward  Suite 320
Birmingham, Michigan  48009
(248) 642-6655

# COMPLAINT
## AND DEMAND FOR JURY TRIAL

THE LAW FIRM
OF
OHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM   GROSSE POINTE
48) 642-6655  (313) 881-1300

**NOW COMES** Plaintiff, JULIE ROEHM, by and through her attorneys, THE LAW FIRM OF JOHN F. SCHAEFER, and for her Complaint against Defendant, WAL-MART STORES, INC., she states unto this honorable Court as follows:

### Jurisdiction and Parties

1. Plaintiff JULIE ANN ROEHM maintains a residence in the City of Rochester Hills, County of Oakland, State of Michigan.

2. At all times relevant to this cause, Defendant WAL-MART STORES, INC. was and is a Delaware corporation, directly and or/indirectly (through wholly owned subsidiaries) maintaining retail stores and/or offices in – and conducting regular and ongoing business in – the County of Oakland, State of Michigan.

3. On January 13, 2006, Plaintiff entered into an employment contract with Defendant to employ Plaintiff as a key senior executive of the company, with major responsibilities for marketing, communications, planning, directing, coordinating and controlling overall corporate marketing and media strategy, along with a Post-Termination Agreement and Covenant Not to Compete (all of which are collectively referred to hereinafter as the "Agreement"). (Please see **Exhibit A**).

4. The Agreement was delivered to Plaintiff and executed by Plaintiff in the City of Rochester Hills, County of Oakland, State of Michigan.

5. The amount in controversy exceeds the jurisdictional limits of this Court.00, excluding interest and costs.

## Common Allegations

6. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs above as if they were set forth fully, word for word, in this paragraph.

7. At all times relevant to this Complaint, Defendant was and is responsible for the actions of its employees and/or agents, as well as those persons representing themselves to be employees and/or agents of Defendant.

8. As part and parcel of the Agreement, Defendant represented and committed to pay to Plaintiff, in addition to a signing bonus of $250,000 and her annual base pay of $325,000, (1) Annual Incentive Payments up to 125% of Plaintiff's annual base salary, based upon Defendant reaching certain pre-established performance measures, (2) a restricted stock award with a value of approximately $300,000, to be vested over a period from three to five years after the commencement of employment, (3) stock options with a value of approximately $500,000, to be vested over a period from during the first five years after the commencement of employment, (4) and annual equity awards granted during the first quarter of each year of employment. (Please see **Exhibit A**).

9. The Agreement further provides that Defendant would pay "Relocation" benefits to Plaintiff, including up to 6 mortgage payments, so long as Plaintiff did not voluntarily leave Defendant's employ. (Please see **Exhibit A**).

10. The Agreement also provided that if Defendant "initiates the termination of [Plaintiff's] employment, [Defendant] will, for a period of one (1) year from the effective date of termination ... continue to pay [Plaintiff's] base salary at the rate in effect on the date of termination..." (Please see **Exhibit A**).

THE LAW FIRM
OF
JOHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM    GROSSE POINTE
(248) 642-6655    (313) 881-1300

- 3 -

11. Based upon and in reliance upon the covenants made by Defendant in the Agreement, Plaintiff temporarily relocated her husband and children from their home in Rochester Hills, Michigan, to a house in Bentonville, Arkansas, and commenced work for Defendant on February 6, 2006.

12. On December 4, 2006, Defendant's CFO told Plaintiff that her employment was being terminated, ostensibly because Plaintiff "hasn't been fulfilling the expectations of an officer of the company."

13. Defendant provided no specific examples of any conduct by Plaintiff which did not fulfill the expectations of an officer of the company, because no such conduct exists.

14. Despite the fact that no such conduct exists by which Plaintiff did not fulfill the expectations of an officer of the company, Defendant told Plaintiff that her employment was terminated and that she would not receive any further compensation from Defendant beyond December 4, 2006.

15. Defendant further holds in its offices personal files and property of Plaintiff, but despite Plaintiff's requests to have that material returned to her, Defendant has refused.

16. Thereafter, agents of Defendant made false and malicious statements to the media.

## Count I
## Breach of Contract

17. Plaintiff re-alleges all of the allegations recited in the preceding paragraphs.

THE LAW FIRM OF JOHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY
BIRMINGHAM    GROSSE POINTE
(48) 642-8655    (313) 881-1300

- 4 -

18. Despite Defendant's contractual obligations – both expressed and implied – Defendant specifically, willfully, and deliberately has breached those obligations.

19. By refusing to pay Plaintiff the compensation to which she is entitled pursuant to the Agreement, and by failing to abide by the terms of the Agreement, both express and implied, Defendant has breached its Agreement with Plaintiff.

20. By way of example, without limitation, Defendant breached the Agreement by willfully and deliberately refusing pay Plaintiff any of the compensation to which she is entitled pursuant to the Agreement, and as described above.

21. By reason of Defendant's breaches of contract, Plaintiff has sustained damages, which include but are not limited to significant economic losses, monetary damages, increased costs, and attorney fees, as well as other consequential losses.

22. Plaintiff has performed all conditions precedent under the Agreement.

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court grant her judgment against Defendant in an amount in excess of the jurisdictional limits of this Court, plus exemplary and punitive damages, costs, interest, and attorney fees incurred by Plaintiff in the prosecution of this action.

### Count II
### Fraud and Misrepresentation

23. Plaintiff re-alleges all of the allegations recited in the preceding paragraphs.

THE LAW FIRM
OF
OHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM    GROSSE POINTE
48) 642-6555    (313) 881-1300

24. Defendant made material representations of fact to Plaintiff that Defendant would abide in good faith to the terms of the Agreement if Plaintiff entered into the Agreement and relocated her family to Arkansas. Defendant further represented that Defendant, pursuant to the Agreement, would pay all sums due and owing to Plaintiff according to the terms of the Agreement.

25. Defendant's material representations of fact to Plaintiff were false.

26. Defendant knew that its representations were false when they were made, or Defendant made the misrepresentations recklessly, without knowledge of their truth as a positive assertion.

27. Defendant made these assertions with the intention that the assertions be acted upon by Plaintiff in entering into the Agreement.

28. In entering into the Agreement with Defendant, Plaintiff acted in reliance upon the misrepresentations of material fact made by Defendant.

29. As a direct and proximate result of Defendant's misrepresentations of material facts, Plaintiff has suffered, and will continue to suffer into the future, injuries and damages, including but not limited to significant economic losses, monetary damages, increased costs, attorney fees, as well as other consequential losses.

**WHEREFORE,** Plaintiff respectfully requests that this honorable Court grant her judgment against Defendant in an amount in excess of the jurisdictional limits of this Court, plus exemplary and punitive damages, costs, interest, and attorney fees incurred by Plaintiff in the prosecution of this action.

THE LAW FIRM
OF
JOHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM    GROSSE POINTE
(48) 642-6655    (313) 881-1300

## Count III
## Claim and Delivery

30. Plaintiff re-alleges all of the allegations recited in the preceding paragraphs.

31. Defendant remains in possession of belongings created and owned entirely by Plaintiff, with no connection whatsoever to Defendant, including but not limited to: (1) her Media Exchange files (which were left in stacks in her office), (2) all materials from all presentations and work she has done prior to her employment with Defendant, and (3) copies of the following computer Outlook folders/files: The Exchange, all personal folders, and Contacts.

32. Defendant has refused to return those belongings to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests that this honorable Court grant her judgment against Defendant, and/or order Defendant to return to Plaintiff forthwith all personal files and property of Plaintiff, and assess against Defendant exemplary and punitive damages, costs, interest, and attorney fees incurred by Plaintiff in the prosecution of this action.

THE LAW FIRM
OF
OHN P. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM      GROSSE POINTE
(48) 642-6455   (313) 881-1300

                        Respectfully submitted,

                        THE LAW FIRM OF JOHN F. SCHAEFER

                        BY: _____
                             JOHN F. SCHAEFER (P19948)
                             B. ANDREW RIFKIN (P46147)
                        **Attorneys for Plaintiff**
                        380 North Old Woodward  Suite 320
                        Birmingham, MI 48009
                        (248) 642-6655

Dated: December 15, 2006.

THE LAW FIRM
OF
JOHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM   GROSSE POINTE
(248) 642-6655   (313) 881-1300



06-079562-CK

JUDGE D. LANGFORD MORRIS
ROEHM,JULIE,A V WAL MART ST

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

RECEIVED FOR FILING
OAKLAND COUNTY CLERK

JULIE ANN ROEHM, Individually,

06 DEC 15 P 3:58

Plaintiff,

BY
DEPUTY COUNTY CLERK

No.: 06-         -CK
Hon.:

vs.

WAL-MART STORES, INC., a Delaware
Corporation

Defendant.

---

THE LAW FIRM OF JOHN F. SCHAEFER
BY:   JOHN F. SCHAEFER (P19948)
      B. ANDREW RIFKIN (P46147)
**Attorneys for Plaintiff**
380 North Old Woodward  Suite 320
Birmingham, Michigan  48009
(248) 642-6655

---

**JURY DEMAND**

THE LAW FIRM
OF
JOHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM    GROSSE POINTE
(248) 642-6655  (313) 881-1300

      **NOW COMES** Plaintiff, JULIE ROEHM, by and through her attorneys, THE LAW FIRM OF JOHN F. SCHAEFER, and hereby demands a trial by jury of the above-entitled cause.

                                      Respectfully submitted,

                                      THE LAW FIRM OF JOHN F. SCHAEFER

                                      BY: _____
                                            JOHN F. SCHAEFER (P19948)
                                            B. ANDREW RIFKIN (P46147)
                                      **Attorneys for Plaintiff**
                                      380 North Old Woodward  Suite 320
                                      Birmingham, MI 48009
                                      (248) 642-6655

Dated: December 15, 2006.

THE LAW FIRM
OF
JOHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM   GROSSE POINTE
(248) 642-6655  (313) 881-1300

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JULIE ANN ROEHM

## DEFENDANTS
WAL-MART STORES, INC.

**(b)** County of Residence of First Listed Plaintiff  OAKLAND
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John F. Schaefer/B. Andrew Rifkin
The Law Firm of John F. Schaefer
380 N. Old Woodward, Ste. 320, Birmingham, MI 48009 / (248) 642-6665

Attorneys (If Known)
Debra M. McCulloch (P31995)/ Joseph A. Ritok, Jr. (P25472)
Dykema Gossett PLLC, 39577 Woodward Ave., Ste. 300, Bloomfield Hills, MI 48304 / (248) 203-0785 (SEE ATTACHED)

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| | | | | ☐ 5 | ☒ 5 |
| | | | | ☐ 6 | ☐ 6 |

Case: 2:07-cv-10168
Assigned To: Zatkoff, Lawrence P
Referral Judge: Whalen, R. Steven
Filed: 01-10-2007 At 09:13 AM
REM ROEHM V WAL-MART STORES INC (EW)

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | | | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☒ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☒ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate/ Sentence | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Select One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332
Brief description of cause:
Breach of Contract; Fraud and Misrepresentation; Claim and Delivery

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 350,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: January 9, 2007
SIGNATURE OF ATTORNEY OF RECORD: /s/ Joseph A. Ritok Jr.  P25472

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Eugene Scalia
Karl G. Nelson
David J. Debold (P39278)
Gibson, Dunn & Crutcher LLP
Of Counsel for Defendant
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
(202) 955-8500

...ANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?      ☐ Yes    ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes    ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :