# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JULIE ANN ROEHM,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

CASE NO. 2:07-cv-10168

Judge Lawrence P. Zatkoff
Mag. Judge R. Steven Whalen

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby respectfully submits its Answer and Affirmative Defenses to Plaintiff's Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure. All allegations not specifically admitted by this Answer are generally denied.

### Jurisdiction and Parties

1.    Defendant admits on information and belief that Plaintiff is a resident and citizen of the City of Rochester Hills, County of Oakland, State of Michigan.

2.    Defendant admits that Wal-Mart was and is a Delaware corporation, directly and/or indirectly maintaining retail stores and/or offices in—and conducting regular and ongoing business in—the County of Oakland, State of Michigan.

3.    Defendant admits that Plaintiff entered into an at-will employment arrangement with Defendant to employ Plaintiff as a senior executive of the company, with major responsibilities for marketing, along with a Post-Termination Agreement and Covenant Not to Compete ("Post-Termination Agreement"). Defendant denies that documents reflecting such agreements were appended as "Exhibit A" to the Complaint as served on Defendant.

4.    Defendant admits that an offer letter setting forth the terms of the at-will employment arrangement and a copy of the Post-Termination Agreement was delivered to Plaintiff

in Rochester Hills, Michigan. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.

5. Defendant admits that jurisdiction is vested in this Court by 28 U.S.C. § 1332 (diversity of citizenship), but Defendant denies that it is liable to Plaintiff or that Plaintiff is entitled to any amount of damages.

## Common Allegations

6. Defendant repeats and incorporates by reference its responses to Paragraph 1 through 5 above.

7. Defendant neither admits nor denies the allegations in Paragraph 7 for the reason that such allegations set forth vague and broad legal propositions that require no response. To the extent Paragraph 7 sets forth allegations requiring an answer, Defendant denies the allegations of Paragraph 7.

8. Defendant admits that Plaintiff's offer of at-will employment provided for a signing bonus of $250,000 and annual base pay of $325,000, and (1) eligibility to participate in the Wal-Mart Stores, Inc. Management Incentive Plan beginning with the fiscal year ending January 31, 2007, based upon Defendant reaching certain pre-established performance measures and Plaintiff remaining employed through January 31 of each fiscal year, (2) a restricted stock award with a value of approximately $300,000, to be vested over a period from three to five years after the grant date, contingent upon Plaintiff's continued employment, (3) stock options with a value of approximately $500,000, to be vested over a period of the first five years after the date of grant, contingent upon Plaintiff's continued employment, and (4) possible annual equity awards, normally granted during the first quarter of the calendar year, based on Plaintiff's performance and continued position as an officer of Wal-Mart." Defendant denies the remaining allegations of Paragraph 8 and further denies that the documents referenced therein were appended as "Exhibit A" to the Complaint as served on Defendant.

9. Defendant denies the allegations in Paragraph 9 of the Complaint and further denies that the documents referenced therein were appended as "Exhibit A" to the Complaint as served on Defendant.

10. Defendant admits that the Post-Termination Agreement provides that if Defendant "initiates the termination of [Plaintiff's] employment, [Defendant] will, for a period of one (1) year from the effective date of termination continue to pay [Plaintiff's] base salary at the rate in effect on the date of termination," but that such transition payments will not be paid or may be offset under certain conditions, including "if [Plaintiff is] terminated as the result of a violation of Wal-Mart policy." Defendant denies any suggestion of liability arising from Paragraph 10 and further denies that the documents referenced therein were appended as "Exhibit A" to the Complaint as served on Defendant.

11. Defendant admits that Plaintiff temporarily relocated her husband and children from their home in Michigan to a house in Bentonville, Arkansas and commenced work for Defendant on February 6, 2006. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12. Defendant admits that Plaintiff was informed on December 4, 2006 that her employment was being terminated. Defendant denies the remaining allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff was informed that her employment was terminated effective December 4, 2006. Defendant denies the remaining allegations of Paragraph 14.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

### Count I
### Breach of Contract

17. Defendant repeats and incorporates by reference its responses to Paragraph 1 through 16 above.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

## Count II
## Fraud and Misrepresentation

23. Defendant repeats and incorporates by reference its responses to Paragraph 1 through 22 above.

24. Defendant admits that it represented that it would compensate Plaintiff pursuant to the terms of the written offer letter memorializing the at-will employment arrangement and the terms of the Post-Termination Agreement. Defendant denies the remaining allegations of Paragraph 24.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

## Count III
## Claim and Delivery

30. Defendant repeats and incorporates by reference its responses to Paragraph 1 through 29 above.

31. Defendant admits that it has possession of certain personal effects believed to belong to Plaintiff, including a step ladder and paint supplies, which Defendant has invited Plaintiff to collect. Defendant denies that Plaintiff has ownership or right of control of any electronic records stored on Defendant's computer systems. Defendant denies the remaining allegations of Paragraph 31.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint, and each allegation therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims fail to the extent that Plaintiff's allegations are premised on the existence of an implied covenant of good faith and fair dealing, which does not exist for employment contracts under the applicable law.

### THIRD DEFENSE

The Complaint, and each allegation of fraud and misrepresentation therein, fails to aver the circumstances constituting fraud with particularity in accordance with Federal Rule of Civil Procedure 9(b), and all such allegations should accordingly be dismissed.

### FOURTH DEFENSE

The Complaint, and each allegation of fraud and misrepresentation therein, fails because each such allegation is based on statements relating to future contractual promises, and not on statements relating to a past or existing fact.

### FIFTH DEFENSE

The Complaint, and each allegation of fraud and misrepresentation therein, fails insofar as it relies on parol evidence not incorporated into the controlling written agreement.

### SIXTH DEFENSE

Any recovery by Plaintiff is barred by her own improper conduct or "unclean hands," including conduct that caused or contributed to the damages Plaintiff alleges.

### SEVENTH DEFENSE

Plaintiff's right to recovery, if any, must be offset by her failure to reasonably mitigate her alleged losses.

## EIGHTH DEFENSE

The imposition of punitive or exemplary damages in this case would violate Defendant's rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to the Constitution of the United States and would violate the public policy and law of the State of Michigan.

## NINTH DEFENSE

The imposition of punitive or exemplary damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TENTH DEFENSE

The Complaint fails to set forth facts sufficient to constitute a claim for punitive damages or exemplary damages in that neither Defendant nor its agents, if any, acted with malice, fraud, oppression, or any other state sufficient to sustain punitive or exemplary damages with respect to the Plaintiff.

Defendant reserves the right to assert any and all additional affirmative defenses that discovery or other evidence may reveal to be appropriate. Defendant further reserves the right to amend its Answer or otherwise plead in response to Plaintiff's Complaint, and to file such other Motions as it may deem advisable in defense of the case or as warranted by information adduced through the discovery process.

WHEREFORE, having answered the Complaint and set forth its affirmative defenses thereto, Defendant respectfully requests that this Court:

a. Order that Plaintiff take nothing by her lawsuit;

b. Dismiss this action with prejudice;

c. Award Defendant its reasonable costs and attorneys' fees; and

d. Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

DYKEMA GOSSETT PLLC

s/Debra M. McCulloch (P31955)\_\_\_\_\_
Debra M. McCulloch (P31995)
Attorneys for Defendant
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304
(248) 203-0786
dmcculloch@dykema.com

GIBSON, DUNN & CRUTCHER LLP

s/with consent of Eugene Scalia_____
Eugene Scalia
Karl G. Nelson
David J. Debold (P39278)
Of Counsel for Defendant
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-9500
EScalia@gibsondunn.com

DATE:  January 18, 2007

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  John F. Schaefer (P19948) at bar@lfjfs.com and B. Andrew Rifkin (P46147) at bar@lfjfs.com.

      s/Debra M. McCulloch_____
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304-5086
(248) 203-0785
E-mail:  dmcculloch@dykema.com
P31995

100144804_4.DOC

1