EXHIBIT A

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Julie Ann Roehm,

    Plaintiff,

vs.                                                                 CASE NO.  2:07-CV-10168

Wal-Mart Stores, Inc.,                                Hon. Lawrence P. Zatkoff

    Defendant.

| | |
|---|---|
| John F. Schaefer (P19948)<br>B. Andrew Rifkin (P46147)<br>The Law Firm of John F. Schaefer<br>Attorneys for Plaintiff<br>380 N. Old Woodward, Suite 320<br>Birmingham, MI 48009<br>(248) 642-6665 | Debra M. McCulloch (P31995)<br>DYKEMA GOSSETT, PLLC<br>Attorneys for Defendant<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0756<br><br>Eugene Scalia<br>Karl G. Nelson<br>David J. Debold (P39278)<br>Gibson, Dunn & Crutcher LLP<br>Of Counsel for Defendant<br>1050 Connecticut Avenue, N.W.<br>Washington D.C. 20036<br>(202) 955-8500 |

**STIPULATION AND ORDER
REGARDING INADVERTENT PRODUCTION OF PRIVILEGED
OR PROTECTED TRIAL PREPARATION DOCUMENTS**

    Plaintiff Julie Roehm and Defendant Wal-Mart Stores, Inc., having stipulated to and requested the Court to order that their production of documents in any form, including electronic communications, in this matter be governed by the following provisions;

    IT IS HEREBY ORDERED:

    1.    Any party to these proceedings who inadvertently produces for inspection or copying to an opposing party a document that the producing party later claims is protected by the

attorney-client privilege or the work product doctrine shall, despite such production, have the absolute right to withdraw such document from production upon written notice to the receiving party at any time prior to the close of discovery. Any document withdrawn from production in accordance with this paragraph shall be returned to the producing party by the receiving party, together with all copies made of such document, within ten (10) days after the date such notice is received.

2.  A producing party who complies with the notice provisions of paragraph 1 shall not be deemed to have waived its claim of privilege or work-product protection by reason of the prior production of the document for inspection or copying. Nor shall a receiving party who complies with the provisions for the return of a document set forth in paragraph 1 be deemed to have waived its right to contest any claim that such document has been properly characterized as protected by any privilege or work-product protection.

3.  The production of a document shall not be deemed a waiver by a producing party of its right to assert privilege or work-product protection concerning the subject matter of the document produced or to assert privilege or work-product protection as to other documents dealing with that subject matter. The return of any document withdrawn from production in accordance with paragraph 1, together with all copies made thereof, shall not be deemed a waiver by a receiving party of its right to contest any claim that such document, or any other documents dealing with the same subject matter as the returned document, has been properly characterized as protected by any privilege or work-product protection.

_____
U.S. DISTRICT COURT JUDGE

Entered this _____ day of _____, 2007

The foregoing order is hereby stipulated to:

By: _____      By: _____
   John F. Schaefer (P19948)                Debra M. McCulloch (P31995)
   B.Andrew Rifkin (P46147)                William M. Thacker (P55916)
   The Law Firm of John F. Schaefer      Attorneys for Defendant
   Attorneys for Plaintiff                        Dykema Gossett PLLC
   380 N. Old Woodward, Suite 320       39577 Woodward Avenue, Suite 300
   Birmingham, MI 48009                   Bloomfield Hills, MI 48304
   (248) 642-6665                             (248) 203-0700/(734) 214-7646
   bar@lfjfs.com                               dmcculloch@dykema.com
                                                      wthacker@dykema.com

                                           By: _____
                                             Eugene Scalia
                                             Karl G. Nelson
                                             David J. Debold (P39278)
                                             Of Counsel for Defendant
                                             1050 Connecticut Avenue, N.W.
                                             Washington, D.C.  20036
                                             (202) 955-9500
                                             EScalia@gibsondunn.com

Date: February ____, 2007

BH01\706834.1
ID\DMM