EXHIBIT A

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**FILED**

MAR 14 2007

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

Julie Ann Roehm,

    Plaintiff,

vs.

CASE NO. 2:07-CV-10168

Wal-Mart Stores, Inc.,

Hon. Lawrence P. Zatkoff

    Defendant.

---

| | |
|---|---|
| John F. Schaefer (P19948)<br>B. Andrew Rifkin (P46147)<br>The Law Firm of John F. Schaefer<br>Attorneys for Plaintiff<br>380 N. Old Woodward, Suite 320<br>Birmingham, MI 48009<br>(248) 642-6655 | Debra M. McCulloch (P31995)<br>DYKEMA GOSSETT, PLLC<br>Attorneys for Defendant<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0756<br><br>Eugene Scalia<br>Karl G. Nelson<br>David J. Debold (P39278)<br>Gibson, Dunn & Crutcher LLP<br>Of Counsel for Defendant<br>1050 Connecticut Avenue, N.W.<br>Washington D.C. 20036<br>(202) 955-8500 |

## STIPULATION AND ORDER
## REGARDING INADVERTENT PRODUCTION OF PRIVILEGED
## OR PROTECTED TRIAL PREPARATION DOCUMENTS

Plaintiff Julie Roehm and Defendant Wal-Mart Stores, Inc., having stipulated to and requested the Court to order that their production of documents in any form, including electronic communications, in this matter be governed by the following provisions;

IT IS HEREBY ORDERED:

1.    Any party to these proceedings who inadvertently produces for inspection or copying to an opposing party a document that the producing party later claims is protected by the

Dockets.Justia.com

attorney-client privilege or the work product doctrine shall, despite such production, have the absolute right to withdraw such document from production upon written notice to the receiving party at any time prior to the close of discovery. Any document withdrawn from production in accordance with this paragraph shall be returned to the producing party by the receiving party, together with all copies made of such document, within ten (10) days after the date such notice is received.

2. A producing party who complies with the notice provisions of paragraph 1 shall not be deemed to have waived its claim of privilege or work-product protection by reason of the prior production of the document for inspection or copying. Nor shall a receiving party who complies with the provisions for the return of a document set forth in paragraph 1 be deemed to have waived its right to contest any claim that such document has been properly characterized as protected by any privilege or work-product protection.

3. The production of a document shall not be deemed a waiver by a producing party of its right to assert privilege or work-product protection concerning the subject matter of the document produced or to assert privilege or work-product protection as to other documents dealing with that subject matter. The return of any document withdrawn from production in accordance with paragraph 1, together with all copies made thereof, shall not be deemed a waiver by a receiving party of its right to contest any claim that such document, or any other documents dealing with the same subject matter as the returned document, has been properly characterized as protected by any privilege or work-product protection.

_____
U.S. DISTRICT COURT JUDGE

Entered this _14th_ day of _MARCH_, 2007

The foregoing order is hereby stipulated to:

By: /s/ _____
John F. Schaefer (P19948)
B. Andrew Rifkin (P46147)
The Law Firm of John F. Schaefer
Attorneys for Plaintiff
380 N. Old Woodward, Suite 320
Birmingham, MI 48009
(248) 642-6655
bar@lfjfs.com

By: /s/ _____
Debra M. McCulloch (P31995)
William M. Thacker (P55916)
Attorneys for Defendant
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700/(734) 214-7646
dmcculloch@dykema.com
wthacker@dykema.com

By: /s/ _____
Eugene Scalia
Karl G. Nelson
David J. Debold (P39278)
Of Counsel for Defendant
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-9500
EScalia@gibsondunn.com

Date: March 9, 2007

BH01\706834.1
ID\DMM