**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JULIE ANN ROEHM,

        Plaintiff,

                                        Case No. 07-CV-10168

-vs-                                     HON. LAWRENCE P. ZATKOFF

WAL-MART STORES, INC.,

        Defendant.

---

| | |
|---|---|
| THE LAW FIRM OF JOHN F. SCHAEFER<br>BY:   JOHN F. SCHAEFER (P19948)<br>         B. ANDREW RIFKIN (P46147)<br>**Attorneys for Plaintiff**<br>380 North Old Woodward Avenue<br>Suite 320<br>Birmingham, Michigan 48009<br>(248) 642-6655 | SOMMERS SCHWARTZ PC<br>BY:   SAM G. MORGAN (P36694)<br>**Attorneys for Plaintiff**<br>2000 Town Center<br>Suite 900<br>Southfield, Michigan 48075-1100<br>(248) 355-0300 |
| DYKEMA GOSSETT PLLC<br>BY:   DEBRA M. McCULLOCH (P31995)<br>         JOSEPH A. RITOK, JR. (P25472)<br>**Attorneys for Defendant**<br>39577 Woodward Avenue<br>Suite 300<br>Bloomfield Hills, Michigan 48304<br>(248) 203-0785 | GIBSON, DUNN & CRUTCHER, LLP<br>BY:   EUGENE SCALIA<br>         KARL G. NELSON<br>         DAVID J. DEBOLD (P39278)<br>**Of Counsel for Defendant**<br>1050 Connecticut Avenue NW<br>Washington, DC 20036<br>(202) 955-8500 |

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

## **CASE SUMMARY**

1.      <u>Statement of Claims of Plaintiff</u>:  Plaintiff JULIE ANN ROEHM ("Roehm") and Defendant WAL-MART STORES, INC. ("Wal-Mart") entered into an employment contract whereby Defendant agreed to employ Plaintiff as a key senior executive of the company, with major responsibilities for marketing, communications, planning, directing, coordinating and controlling overall corporate marketing and media strategy.  As part and parcel of that agreement, Roehm and Wal-Mart also entered into a Post-Termination Agreement and Covenant Not to Compete.  All of the agreements between the parties are collectively referred to hereinafter as the "Agreement," and are attached hereto as Exhibit A.

Roehm was a residen.t of the State of Michigan when she entered into the employment contract with Wal-Mart.  Roehm and her husband owned a home in Rochester Hills, Michigan, which they put on the market for sale, as they looked for and purchased a home in Bentonville, Arkansas.  Roehm, her husband and their children, then, moved to and became residents of the State of Arkansas, as she commenced employment with Defendant on February 6, 2006.  Roehm and her husband continue to own and (with their children) live in their house in Arkansas.  However, their Rochester Hills home has not sold.  Thus, they have homes in Arkansas and in Michigan.  Wal-Mart is a Delaware corporation with its principal place of business in the State of Arkansas.

As part and parcel of the Agreement, Defendant represented and committed to pay to Plaintiff, in addition to a signing bonus of $250,000 and her annual base pay of $325,000, (1) Annual Incentive Payments up to 125% of Plaintiff's annual base salary, based upon Defendant reaching certain pre-established performance measures, (2) a restricted stock award with a value of approximately $300,000, to be vested over a period from three to five years after the commencement of employment, (3) stock options with a value of approximately

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

$500,000, to be vested over a period from during the first five years after the commencement of employment, (4) and annual equity awards granted during the first quarter of each year of employment. (Please see **Exhibit A**). The Agreement further provides that Defendant would pay "Relocation" benefits to Plaintiff, including up to 6 mortgage payments, so long as Plaintiff did not voluntarily leave Defendant's employ, and if Defendant "initiates the termination of [Plaintiff's] employment, [Defendant] will, for a period of one (1) year from the effective date of termination … continue to pay [Plaintiff's] base salary at the rate in effect on the date of termination…" (Please see **Exhibit A**). Based upon and in reliance upon the covenants made by Defendant in the Agreement, Plaintiff moved her husband and children from Michigan to Arkansas and commenced work for Defendant.

On December 4, 2006, Defendant's CFO told Plaintiff that her employment was being terminated, stating only that Plaintiff "hasn't been fulfilling the expectations of an officer of the company." Defendant provided no specific examples of any conduct by Plaintiff which did not fulfill the expectations of an officer of the company, because no such conduct exists. Defendant told Plaintiff that her employment was terminated and that she would not receive any further compensation from Defendant beyond December 4, 2006. Defendant has failed and refused to pay Plaintiff any "transition payments" (i.e., salary continuation) as provided under the aforementioned Post-Termination Agreement.

The central matter in this litigation is whether Defendant is liable to Plaintiff for breach of contract and fraud and misrepresentation, and if so, to what extent.

Defendant removed this case to this Court (Plaintiff contends, improperly), asserting that diversity of citizenship existed under 28 U.S.C. § 1332. Because Plaintiff moved with her

3

family to Arkansas and established a domicile in Arkansas in February 2006, and has continued to do so through the present, under federal law, Plaintiff became a citizen of the State of Arkansas in February 2006, and remains a citizen of the State of Arkansas today. Defendant has asserted that it is a citizen of the State of Arkansas. Therefore, no diversity of citizenship jurisdiction exists and this case should be remanded to the Oakland County Circuit Court, where it was initially filed.

      2.    <u>Statement of Claims and Defense of Defendant</u>: Wal-Mart denies each of Plaintiff's claims. In particular, Wal-Mart asserts that Plaintiff was terminated as a result of significant violations of various Wal-Mart policies which disqualify her from the contractual payments and benefits she claims. The policies she violated include, without limitation, a prohibition against conduct that would create, or give the appearance of, a conflict of interest and a prohibition against becoming romantically involved with an Associate whom one supervises. (Wal-Mart uses the term "Associates" for its employees.) Moreover, Plaintiff's claim of fraud and misrepresentation fails insofar as: (1) Wal-Mart did not, as Plaintiff alleges, induce her to become an officer of the Company with the intent that the Company would later fail to "abide in good faith to the terms" of agreements governing Plaintiff's employment; (2) Plaintiff was an at-will employee of Wal-Mart; and (3) in any event, her misconduct constituted more than adequate reason to end her employment. As for Plaintiff's third count—claim and delivery—Wal-Mart asserts it has offered to return all items that indisputably belong to Plaintiff. In addition, Wal-Mart denies many of the key factual assertions upon which Plaintiff's claims are premised and asserts various affirmative defenses as set forth more fully in its Answer. Wal-Mart also denies the assertions raised for the first time by Plaintiff in this document, including the untimely and inaccurate suggestion that the case was improperly

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

4

removed to this Court. In fact, Plaintiff's own Complaint stated that she "maintains a residence" in Michigan and that she "<u>temporarily</u> relocated" her family "from their <u>home</u> in Rochester Hills, Michigan, to a <u>house</u> in Bentonville Arkansas." Complaint ¶¶ 1, 11 (emphasis added). Defendant also respectfully submits that this Case Summary is not an appropriate setting in which to attempt to recast Plaintiff's allegations or to raise for the first time such new arguments.

Wal-Mart has also filed an unopposed motion for leave to file a counterclaim. As set forth more fully in the counterclaim appended to its motion for leave, Wal-Mart asserts that Plaintiff breached her fiduciary duties as an officer of Wal-Mart by engaging in a pattern of misconduct for her own personal benefit and to the detriment of Wal-Mart and its business interests. In particular, Wal-Mart alleges that Plaintiff engaged in inappropriate dealings and relationships with an advertising agency seeking to do business with Wal-Mart, used her position and authority to secure personal benefits from potential suppliers, including accepting and retaining gifts and gratuities and soliciting employment opportunities from a supplier, expended Wal-Mart time and resources in the course of her inappropriate romantic relationship with a subordinate, and lied about these activities when questioned by Wal-Mart officials.

3. <u>Actual Damages Sought</u>:

   a. <u>Plaintiff's Damages</u>: Plaintiff is seeking all damages that flow from Defendant's breach of contract, including but not limited to the transition payments, which could be as much as $325,000.00. Further, in the event Plaintiff is permitted to amend her Complaint to assert a claim of unlawful discrimination arising out of the termination of her employment, Plaintiff's damages will include the loss of salary, bonus, incentive pay, health insurance and other benefits, stock options/grants, and non-economic damages for mental and emotional distress, embarassment and humiliation. Plaintiff will also seek to recover her attorney fees and costs of suit.

5

    b.    <u>Defendant's Damages</u>: Wal-Mart, in its counterclaim, seeks compensation for damages suffered as a result of Plaintiff's fiduciary breaches, including additional costs incurred by Wal-Mart in re-opening the advertising agency review process for which Plaintiff had responsibility, lost opportunities as a result of the accompanying delay in final selection of new advertising agencies, economic losses and monetary damages as a result of Plaintiff's misconduct, compensation for harm to its public image, attorneys' fees, and other consequential damages.

4.    <u>Expected Witnesses</u>:

    a.    <u>Plaintiff's Witnesses</u>:  At this point in discovery, Plaintiff anticipates relying upon the testimony of the following witnesses:

    i)    Any and all current or former employees and/or agents of Wal-Mart Stores, Inc., including but not limited to Plaintiff, Lee Scott, Rex Conklin, Martha Burrell, Theresa Junkunc, Hugh Broder, Dale Stewart, Ashely Linam, Barry Moehring, Raul Vazquez, Tony Rogers, Bruce Gabbard, and Sean Womack;

    ii)    Catherine Bension, President/Chairman of SRI;

    iii)    Any and all current or former employees and/or agents of Carat, including but not limited to David Verklin, President of Carat;

    iv)    Any and all current or former employees and/or agents of the Martin Agency, including but not limited to Kristen Cavallo, Martin Agency (New Business Development), and John Adams, President of Martin Agency;

    v)    Any and all current or former employees and/or agents of Draft/FCB, including but not limited to Howard Draft, President of Draft/FCB, Tobey Sachs, Lead Account Representative at Draft/FCB, and Michael Fassnacht;

    vi)    Any and all current or former employees and/or agents of KBP, including but not limited to John Bond and Richard Kirschenbaum;

    vii)    Any and all current or former employees and/or agents of Latin Works, including but not limited to Alejandro Ruelas;

    viii)    Any and all current or former employees and/or agents of Grupo Gallegos, including but not limited to John Gallegos

    ix)    Any and all current or former employees and/or agents of Lopez-Negrete, including but not limited to Alex Lopez-Nagrete

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

   x) Any and all current or former employees and/or agents of Global Hue, including but not limited to Don Coleman and Alan Pugh;

   xi) Any and all current or former employees and/or agents of IW Group, including but not limited to Bill Imada;

   xii) Any and all current or former employees and/or agents of J. Walter Thompson (JWT), including but not limited to Bob Jeffries, Colleen Decourcey, and Ty Montague;

   xiii) Any and all current or former employees and/or agents of PHD, including but not limited to Steve Grubbs and Dave Coffey;

   xiv) Denise Smith, GSD & M;

   xv) Barbara Barrett, C.P.A., 130 Kercheval, Suite 210, Grosse Pointe Farms, Michigan 48236

   xvi) All persons identified in deposition notices which have been or will be submitted by Plaintiff or Defendant;

   xvii) Plaintiff reserves the right to amend or supplement these witnesses as may be necessary to include witness revealed by ongoing discovery, new claims/counterclaims, and/or to correct inadvertent omissions.

  b. <u>Defendant's Witnesses</u>: Wal-Mart anticipates that, in addition to Plaintiff, it may rely on testimony from some or all of the individuals identified in the parties' initial disclosures, including but not limited to Sean L. Womack (the Wal-Mart Associate Roehm directly supervised and with whom she had a romantic relationship during their employment by Wal-Mart), Shelley Womack (Sean Womack's wife), Howard Draft (the head of the DraftFCB agency), Tony Weisman (formerly of DraftFCB, and Roehm's principal contact with that agency during the agency review process), and several Wal-Mart associates including Andy Johnson and Martha Burrell. As discovery is in its early stages, Wal-Mart expects to modify and refine its list of expected witnesses as the case is further developed, and it reserves the right to call other witnesses as it may deem appropriate.

5. <u>Expert Witnesses Expected and Subject Area</u>:

  a. <u>Plaintiff's Expert Witnesses</u>: At this time, Plaintiff anticipates relying upon the testimony of Barbara Barrett, C.P.A., 130 Kercheval, Suite 210, Grosse Pointe Farms, Michigan 48236, regarding the calculation of damages. As discovery progresses, other witnesses may be needed as well, and Plaintiff reserves the right to amend or supplement these witnesses as may be necessary to include witness revealed by ongoing

        discovery, new claims/counterclaims, and/or to correct inadvertent omissions.

   b. <u>Defendant's Expert Witnesses</u>: Wal-Mart has retained computer forensics experts to assist in the recovery of various electronically stored records. Wal-Mart is currently evaluating other potential expert witnesses, including in the areas of business ethics and standards of conduct in the advertising industry, and it reserves the right to retain other potential experts as the case is further developed.

6. <u>Amount of Time Needed for Discovery/Summary of Discovery to Date</u>:

<u>Plaintiff's position:</u>  Formal and informal discovery has just commenced. Plaintiff has provided access to computer records from her home and has received and additional discovery request from Defendant. In light of Defendant's new claims and allegations, as asserted in their proposed Counterclaim, Plaintiff anticipates that substantially more discovery that originally believed will be required. Plaintiff therefore anticipates at this time that at least an additional 270 days will be required for discovery.

<u>Defendant's Position</u>:  As reflected in the parties' Report of Rule 26(f) Conference and Discovery Plan, filed February 23, 2007, the parties have agreed to a discovery schedule that would require that all discovery in the action be completed by August 1, 2007.

To date, the parties have exchanged initial disclosures, Wal-Mart has served various production requests on Plaintiff, Wal-Mart has served subpoenas for production of electronically stored records on Sean and Shelley Womack, and Wal-Mart has taken the third-party deposition of Shelley Womack.

7. <u>Anticipated Depositions</u>:

   a. <u>Plaintiff's Anticipated Depositions</u>:  At this point in discovery, Plaintiff anticipates relying upon the testimony of the following witnesses:

      i) Numerous current and former employees and/or agents of Wal-Mart Stores, Inc., including but not limited to Plaintiff, Lee Scott, Rex Conklin, Martha Burrell, Theresa Junkunc, Hugh Broder, Dale Stewart, Ashely Linam, Barry Moehring, Raul Vazquez, Tony Rogers, Bruce Gabbard, and Sean Womack;

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

ii) Catherine Bension, President/Chairman of SRI;

iii) Any and all current or former employees and/or agents of Carat, including but not limited to David Verklin, President of Carat;

iv) Any and all current or former employees and/or agents of the Martin Agency, including but not limited to Kristen Cavallo, Martin Agency (New Business Development), and John Adams, President of Martin Agency;

v) Any and all current or former employees and/or agents of Draft/FCB, including but not limited to Howard Draft, President of Draft/FCB, Tobey Sachs, Lead Account Representative at Draft/FCB, and Michael Fassnacht;

vi) Any and all current or former employees and/or agents of KBP, including but not limited to John Bond and Richard Kirschenbaum;

vii) Any and all current or former employees and/or agents of Latin Works, including but not limited to Alejandro Ruelas;

viii) Any and all current or former employees and/or agents of Grupo Gallegos, including but not limited to John Gallegos

ix) Any and all current or former employees and/or agents of Lopez-Negrete, including but not limited to Alex Lopez-Nagrete

x) Any and all current or former employees and/or agents of Global Hue, including but not limited to Don Coleman and Alan Pugh;

xi) Any and all current or former employees and/or agents of IW Group, including but not limited to Bill Imada;

xii) Any and all current or former employees and/or agents of J. Walter Thompson (JWT), including but not limited to Bob Jeffries, Colleen Decourcey, and Ty Montague;

xiii) Any and all current or former employees and/or agents of PHD, including but not limited to Steve Grubbs and Dave Coffey;

xiv) Denise Smith, GSD & M;

xv) Barbara Barrett, C.P.A., 130 Kercheval, Suite 210, Grosse Pointe Farms, Michigan 48236

xvi) All persons identified in deposition notices which have been or will be submitted by Plaintiff or Defendant;

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

        xvii)    Plaintiff reserves the right to amend or supplement these witnesses as may be necessary to include witness revealed by ongoing discovery, new claims/counterclaims, and/or to correct inadvertent omissions.

    b.    <u>Defendant's Anticpated Depositions</u>:  Wal-Mart currently anticipates seeking the depositions of Plaintiff, Michael Roehm, Sean Womack, and Tony Weisman.  Wal-Mart may modify and refine its list of expected depositions as the case is further developed, and it reserves the right to seek depositions of other witnesses as it may deem appropriate.

8.    <u>Relationship to Other Cases</u>:  This case (including Wal-Mart's counterclaim) is not related to other litigation pending in this or any other court.

9.    <u>Necessity of Amendments to Pleadings</u>:  Plaintiff is contemplating an amendment to her Complaint, including one or more additional claims, including a claim for unlawful discrimination, based upon newly discovered evidence and the recent filings by Defendant.

Wal-Mart does not anticipate the need for further amendment to its pleadings beyond its currently pending motion for leave to file its proposed counterclaim.

10.    <u>Anticipated Motions</u>:  Plaintiff anticipates filing (and by the time of the Scheduling Conference will file) a motion for remand, because there is no diversity jurisdiction, as both parties are residents of Arkansas under Federal law.  Plaintiff also anticipates that she will file a motion to extend time beyond the dates initially agreed upon in the parties' prior proposed Joint Discovery Plan, based upon Defendant's recently proposed 82-paragraph Counterclaim. Plaintiff may also file a motion for summary judgment or partial summary judgment at the conclusion of discovery.

Wal-Mart has pending its unopposed motion for leave to file its proposed counterclaim. In addition, Wal-Mart anticipates filing a motion for summary judgment within the time specified for such motions by the Court.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

11. <u>Anticipated Cost of Litigation</u>:

<u>Plaintiff's Anticipated Costs</u>: The anticipated cost of litigation is unknown at this time.

<u>Defendant's Anticipated Costs</u>:  Due to the early stage of the litigation, it is difficult to predict with any accuracy the anticipated cost of litigation to Wal-Mart.  Nevertheless, Wal-Mart anticipates that the cost of litigation through trial, should trial be necessary, will exceed $250,000.

12. <u>Whether Case Evaluation is Desired</u>:  Plaintiff will participate in a case evaluation or a facilitative mediation, but does not consent to the imposition of costs and sanctions if the case is referred to state court case evaluation under LR 16.3. Wal-Mart does not desire case evaluation in this case.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

Respectfully submitted,

By: \ <u>Sam G. Morgan, (P-36694)</u>
**Attorneys for Plaintiff**
Sommers Schwartz, P.C.
2000 Town Center
Suite 900
Southfield, Michigan 48075-1100
(248) 355-0300
smorgan@sommerspc.com

THE LAW FIRM OF JOHN F. SCHAEFER
By consent: \<u>R. Andrew Rifkin, (P-46147)</u>
**Attorneys for Plaintiff**
380 North Old Woodward Avenue
Suite 320
Birmingham, Michigan 48009
(248) 642-6655

By consent:\ <u>Debra McCulloch, (P-31995)</u>
**Attorneys for Defendant**
Dykema Gossett,
39577 Woodward Avenue
Suite 300
Bloomfield Hills, Michigan 48304
(248) 203-0785
dmcculloch@dykema.com

GIBSON, DUNN & CRUTCHER, LLP
BY:    EUGENE SCALIA
       KARL G. NELSON
       DAVID J. DEBOLD (P39278)
**Of Counsel for Defendant**
1050 Connecticut Avenue NW
Washington, DC 20036
(202) 955-8500

Dated:  April 11, 2007

### CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2007, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

John F. Schaefer (P-19948) at bar@lfjfs.com
B. Andrew Rifkin (P-46147) at bar@lfjfs.com
Eugene Scalia at escalia@gibsondunn.com
Debra M. McCulloch (P-31995) at dmcculloch@dykema.com

and I hereby certify that I have mailed by United States Postal Service the papers to the following non-ECF participants:  N/A

    s/Sam G. Morgan, (P-36694)
    Sommers Schwartz, P.C.
    2000 Town Center, Suite 900
    Southfield, Michigan  48075
    (248) 746-4040
    smorgan@sommerspc.com