# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**JULIE ANN ROEHM,**

      Plaintiff,

                                 Case No. 2:07-CV-10168

vs

                                 HON. LAWRENCE P. ZATKOFF

**WAL-MART STORES, INC.,**
a Delaware corporation

      Defendant.

_____

THE LAW FIRM OF JOHN F. SCHAEFER
JOHN F. SCHAEFER, (P-19948)
ANDREW RIFKIN, (P-46147)
Attorneys for Plaintiff
380 North Old Woodward, Suite 320
Birmingham, Michigan  48009
(248) 642-6665

DYKEMA GOSSETT, PLLC
DEBRA M. McCULLOCH, (P-31995)
Attorney for Defendant
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan  48304
(248) 203-0756

SOMMERS SCHWARTZ, P.C.
SAM G. MORGAN, (P-36694)
KEVIN J. STOOPS, (P-64371)
Co-Counsel for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan  48075
(248) 355-0300

GIBSON DUNN & CRUTCHER, LLP
EUGENE SCALIA
KARL G. NELSON
DAVID J. DEBOLD, (P-39278)
Co-Counsel for Defendant
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

_____

## <u>PLAINTIFF'S MOTION TO REMAND -- ORAL ARGUMENT REQUESTED</u>

     NOW COMES Plaintiff, JULIE ANN ROEHM, by and through her attorneys, SOMMERS

SCHWARTZ, P.C., and hereby moves this Court for an Order to remand this cause of action to Oakland

County Circuit Court.  In support of her Motion, the Plaintiff states the following:

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

1.      On December 15, 2006, Plaintiff filed a three-count Complaint alleging Breach of Contract (Count I), Fraud and Misrepresentation (Count II), and Claim and Delivery (Count III). (Exh. A).

2.      The Defendant filed a Notice of Removal with this Court on January 10, 2007 (Exh. B).

3.      Pursuant to 28 U.S.C. § 1447(c), a Motion to Remand that challenges subject matter jurisdiction is timely at any point prior to entry of final judgment.

4.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5.      Pursuant to 28 U.S.C. § 1332 this Court has original jurisdiction of all matters in which the amount of controversy exceeds the sum or value of $75,000 and the parties are citizens of different states.

6.      For purposes of this statute, corporations are deemed to be a citizen of any state in which they are incorporated or in which they maintain a principal place of business. 28 U.S.C. § 1332(c)(1). In this case, Defendant is a citizen of Delaware (place of incorporation) and Arkansas (principal place of business. (Exh. B at ¶ 5).

7.      The Defendant has the burden of establishing by a preponderance of the evidence that diversity of jurisdiction exists under 28 U.S.C. § 1332 such that this Court has subject matter jurisdiction over this action.

8.      Defendant asserts that Plaintiff is a citizen of Michigan.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

9.    Defendant bases its Notice of Removal exclusively on statements contained in Plaintiff's Complaint that she "maintains a residence" in Michigan and "temporarily relocated her husband and children from their home" in Michigan to Arkansas. (Exh. B at ¶ 6).

10.    There can be no question that based on these limited allegations, Defendant has failed to prove by a preponderance of the evidence that Plaintiff is a citizen of Michigan, and that diversity of citizenship exists such that this Court enjoys subject matter jurisdiction of this action.

11.    Under the diversity of citizenship analysis diversity only exists where each party is a citizen of a different state. Citizenship is synonymous with domicile – not with residence. In this case Plaintiff established her domicile in Arkansas when she moved her family to Arkansas with the intent to remain there indefinitely. In this regard, it is uncontroverted that in February 2006 (when hired by Defendant) Plaintiff moved to Arkansas, and subsequently purchased a home in the state of Arkansas, relocated her children and husband to Arkansas, listed her Michigan house with a realtor for sale, enrolled her children in school in Arkansas, obtained an Arkansas voters registration, registered her vehicles in Arkansas and became involved in the local Church. Further, Plaintiff's Arkansas address is being used for submission of her 2006 income tax returns and Plaintiff changed the billing address on all of her credit cards, insurance and other bills to her Arkansas home. The mere fact that Plaintiff maintains a residence in Michigan doesn't mean she is a citizen of Michigan.

12.    Ultimately, Defendant's Notice of Removal does not allege sufficient facts to demonstrate that Plaintiff is a citizen of the state of Michigan. In this regard, Defendant's allegations are wholly speculative and conclusory, and are not supported by Plaintiff's Complaint, or the evidence concerning Plaintiff's change of domicile from Michigan to Arkansas.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

13.     On April 16, 2007, Plaintiff's attorney spoke to Karl Nelson, Defendant's attorney, and requested concurrence with this Motion. Mr. Nelson was unable to concur with the relief requested by this motion.

14.     Plaintiff requests an award of "of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," pursuant to 28 U.S.C. §1447(c) for having to unnecessarily defend against Defendant's unsupported and unwarranted removal.

15.     This motion is based on the allegations contained within it and in the notice of motion, the Brief in Support of Plaintiff's Motion to Remand, and on all other pleadings, papers, records or files in this action.

**WHEREFORE**, the Plaintiff moves this Honorable Court to remand this action to the Circuit Court for Oakland County, Michigan and award the Plaintiff the costs she incurred because of the removal.

s\Sam G. Morgan, (P-36694)
Sommers Schwartz, P.C.
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan  48075
(248) 355-0300
smorgan@sommerspc.com

Dated:  April 16, 2007

4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JULIE ANN ROEHM,**

       Plaintiff,

vs

       Case No. 2:07-CV-10168

       HON. LAWRENCE P. ZATKOFF

**WAL-MART STORES, INC.,**
a Delaware corporation

       Defendant.

---

THE LAW FIRM OF JOHN F. SCHAEFER
JOHN F. SCHAEFER, (P-19948)
ANDREW RIFKIN, (P-46147)
Attorneys for Plaintiff
380 North Old Woodward, Suite 320
Birmingham, Michigan  48009
(248) 642-6665

DYKEMA GOSSETT, PLLC
DEBRA M. McCULLOCH, (P-31995)
Attorney for Defendant
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan  48304
(248) 203-0756

SOMMERS SCHWARTZ, P.C.
SAM G. MORGAN, (P-36694)
KEVIN J. STOOPS, (P-64371)
Co-Counsel for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan  48075
(248) 355-0300

GIBSON DUNN & CRUTCHER, LLP
EUGENE SCALIA
KARL G. NELSON
DAVID J. DEBOLD, (P-39278)
Co-Counsel for Defendant
1050 Connecticut Avesnue, N.W.
Washington, D.C.  20036
(202) 955-8500

---

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................. ii

STATEMENT OF QUESTIONS PRESENTED ........................................................... iv

INTRODUCTION/STATEMENT OF FACTS ............................................................. 1

STANDARD OF REVIEW .............................................................................................. 4

ARGUMENT .................................................................................................................... 5

       I.     **THIS MATTER SHOULD BE REMANDED TO STATE COURT AS THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER A DIVERSITY OF CITIZENSHIP ANALYSIS AS BOTH THE PLANTIFF AND DEFENDANT ARE CITIZENS OF ARKANSAS.**

CONCLUSION ................................................................................................................. 9

CERTIFICATE OF SERVICE ...................................................................................... 10

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

i

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

## INDEX OF AUTHORITIES

### CASES

*Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454 (6th Cir.1996) . . . . . . . . . . . . . . . . .4

*Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) . . . . . . . . . . . . . . . 4

*Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) . . . . . . . . . . . . . .4

*Brignoli v. Balch, Hardy & Scheinman, Inc.*, 696 F.Supp. 37, 41 (S.D.N.Y.1988) . . . . . . . . . . . . . .7

*Detroit Lions, Inc. v. Argovitz*, 967 F.2d 919 (Table), p. 2 (6th Cir. 1985) . . . . . . . . . . . . . . . . . . . 6

*Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mississippi Band of Choctaw Indians v. Holyfield*, 109 S.Ct. 1597, (1989) . . . . . . . . . . . . . . . . . . .5, 6

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) . . . . . . . . . . . . . . . . . . . 4

*Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Williamson v. Osenton*, 34 S.Ct. 442 (1914) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 8

### STATUTES

28 U.S.C. § 1332(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

### RULES

Fed.R.Civ.P. 17(b) ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

### OTHER AUTHORITIES

13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3612 ) . . . . . . . . . . .5

13B C. Wright & A. Miller, Federal Practice and Procedure § 3612 at 526-27 (1984) . . . . . . . . . . . 6

Moore's Federal Practice, Third Edition, § 102.34[7] ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Moore's Federal Practice, Third Edition, § 102.35[3] ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Moore's Federal Practice, Third Edition, § 102.36[1] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Moore's Federal Practice, Third Edition, § 102.36[3] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Moore's Federal Practice, Third Edition, § 102.36[4] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Restatement of Conflicts 2d §§ 11, 12 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

## STATEMENT OF QUESTION PRESENTED

**I.    SHOULD THIS MATTER BE REMANDED TO STATE COURT WHERE THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER A DIVERSITY OF CITIZENSHIP ANALYSIS AS BOTH THE PLANTIFF AND DEFENDANT ARE CITIZENS OF ARKANSAS?**

Plaintiff answers, "**YES**".

Defendant answers, "**NO**".

This Court should answer, "**YES**".

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

## INTRODUCTION/STATEMENT OF FACTS

This cause of action asserts claims of Breach of Contract (Count I), Fraud and Misrepresentation (Count II), and Claim and Delivery (Count III). (Exh. A). Plaintiff filed this action on December 15, 2006 in Oakland County Circuit Court. (*Id.*).

Plaintiff and Defendant entered into an employment contract whereby Defendant agreed to employ Plaintiff as a key senior executive of the company, with major responsibilities for marketing, communications, planning, directing, coordinating and controlling overall corporate marketing and media strategy. (*Id*. at ¶ 3). As part and parcel of that agreement, Roehm and Wal-Mart also entered into a Post-Termination Agreement and Covenant Not to Compete (collectively referred to as the "Agreement"). (*Id*.; See also the Agreement attached as Exh. C).

Also, as part and parcel of the Agreement, Defendant represented and committed to pay to Plaintiff, in addition to a signing bonus of $250,000 and her annual base pay of $325,000, (1) Annual Incentive Payments up to 125% of Plaintiff's annual base salary, based upon Defendant reaching certain pre-established performance measures, (2) a restricted stock award with a value of approximately $300,000, to be vested over a period from three to five years after the commencement of employment, (3) stock options with a value of approximately $500,000, to be vested over a period from during the first five years after the commencement of employment, (4) and annual equity awards granted during the first quarter of each year of employment. (Exh. A at ¶ 8). The Agreement further provides that if Defendant "initiates the termination of [Plaintiff's] employment, [Defendant] will, for a period of one (1) year from the effective date of termination … continue to pay [Plaintiff's] base salary at the rate in effect on the date of termination…" (Exh. A at ¶ 10). Based upon and in reliance upon the covenants made by Defendant in the Agreement, Plaintiff moved her husband and children from Michigan to Arkansas and commenced work for Defendant on February 6, 2006. (*Id.* at ¶ 11).

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

Under the parties' Letter Agreement of January 13, 2006, Defendant promised to pay "Relocation" benefits to Plaintiff, including up to 6 mortgage payments, so long as Plaintiff did not voluntarily leave Defendant's employ. (*Id.* at ¶ 10). This agreement makes the following statements, among others, concerning relocation:

III.    <u>Relocation</u>

    a.    Wal-Mart will assist you in relocating to Northwest Arkansas via a professional moving service. Wal-Mart will provide a full-service executive pack and move coordinated via Wal-Mart Transportation.

    b.    Wal-Mart will provide you a **5-day "pre-move" visit** for you and your family. Expenses relative to airfare, lodging, and car rental will be paid by Wal-Mart. A Real Estate agent will be provided on-site to facilitate your further research of our communities. This benefit is contingent upon your acceptance of this offer and will be made available to you immediately, thereafter.

    c.    Wal-Mart will provide you a **relocation and temporary living allowance** in an after-tax amount of **$ 75,000.00** to assist with expenditures incurred as a result of your relocation to Bentonville…. In addition Wal-Mart will cover real estate fees associated with your current home and closing costs associated with the purchase of a home in Northwest Arkansas. The Wal-Mart Relocation Team will facilitate the marketing of your current home.

(Exh. D at pp. 4-5) [emphasis in original].

On December 4, 2006, Defendant's CFO told Plaintiff that her employment was being terminated, stating only that Plaintiff "hasn't been fulfilling the expectations of an officer of the company." (*Id.* at ¶ 12). Defendant provided no specific examples of any conduct by Plaintiff which did not fulfill the expectations of an officer of the company, because no such conduct exists. (*Id.* at ¶ 13). Defendant told Plaintiff that her employment was terminated and that she would not receive any further compensation from Defendant beyond December 4, 2006. (*Id.* at ¶ 14). Defendant has failed and refused to pay Plaintiff any "transition payments" (i.e., salary continuation) as provided under the aforementioned Post-Termination Agreement. (*Id.* at ¶ 15).

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

2

Plaintiff was a citizen of the State of Michigan when she entered into the employment contract with Wal-Mart. (Exh. E, Affidavit of Plaintiff at ¶ 2). Plaintiff and her husband owned a home in Rochester Hills, Michigan, which they put on the market for sale, as they looked for and purchased a home in the Bentonville area of Arkansas. (*Id.* at ¶ 3). Plaintiff moved to Arkansas and commenced her employment with Wal-Mart, on February 6, 2006. (*Id.* at ¶ 4). Plaintiff's husband and two children moved from Michigan to her Arkansas home in June 2006, immediately upon completion of the children's school year in Michigan. (*Id.* at ¶ 5). Plaintiff and her husband continue to own and (with their children) live in their house in Arkansas. (*Id.* at ¶ 6). However, as is common due to the poor housing market in Southeast Michigan, Plaintiff's Rochester Hills home has not yet sold. (*Id.* at ¶ 7).

Upon moving to Arkansas, Plaintiff had no intention of remaining a citizen of Michigan or moving her family back to Michigan. (*Id.* at ¶ 8). To the contrary, Plaintiff intended to stay in Arkansas as long as her employment with Defendant lasted and continues to live in Arkansas while she seeks new employment. (*Id.*). Upon moving to Arkansas, Plaintiff's minor children (grades 2 and Pre-K) were enrolled in school in the city of Fayetteville, Arkansas, where they continue to attend. (*Id.* at ¶ 9). Additionally, upon moving to Arkansas Plaintiff purchased a vehicle which was registered, along with her other family vehicle, in Arkansas. (*Id.* at ¶ 10). Further, upon moving to Arkansas, Plaintiff obtained an Arkansas voters registration. . (*Id.* at ¶ 11). Plaintiff also became involved in the local Church. (*Id.* at ¶ 14). Finally, Plaintiff's Arkansas address is being used for submission of her 2006 income tax returns and Plaintiff changed the billing address on all of her credit cards, insurance and other bills to her Arkansas home. (*Id.* at ¶¶ 13-14).

The Defendant filed a Notice of Removal with this Court on January 10, 2007 (Exh. B). Defendant asserts that this Court maintains subject matter jurisdiction by way of diversity of citizenship, alleging it is a citizen of Arkansas and Plaintiff is a citizen of Michigan, and bases its Notice of Removal

exclusively on statements contained in Plaintiff's Complaint that she "maintains a residence" in Michigan and "temporarily relocated her husband and children from their home" in Michigan to Arkansas. (Exh. B at ¶ 6).

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1447(c), a Motion to Remand that challenges subject matter jurisdiction is timely at any point prior to entry of final judgment. Because federal courts are courts of limited subject matter jurisdiction, removal statutes are strictly construed. *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994). "Due regard for state governments' rightful independence requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits." *Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 454 (6th Cir.1996). "[I]n the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of § 1446(b) should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

"A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements" and must do so by a preponderance of the evidence. *Gafford v. General Elec. Co.,* 997 F.2d 150, 155 (6th Cir.1993). As this Court reasoned in *Gafford,* imposing this "more likely than not" burden strikes the appropriate balance between "the competing interests of protecting a defendant's right to remove and limiting diversity jurisdiction." *Id.* The appropriateness of federal jurisdiction in a diversity case is determined at the time of removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 293 (1938).

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

## ARGUMENT

**I.**      **THIS MATTER SHOULD BE REMANDED TO STATE COURT AS THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER A DIVERSITY OF CITIZENSHIP ANALYSIS AS BOTH THE PLANTIFF AND DEFENDANT ARE CITIZENS OF ARKANSAS.**

Defendant alleges subject matter jurisdiction in this action based on diversity of citizenship under 28 U.S.C. § 1332(a)(2), which vests the federal district courts with jurisdiction in cases of sufficient value between "citizens of a State and citizens or subjects of a foreign state." *Id.* This Court equates the citizenship of a natural person with his domicile. *Von Dunser v. Aronoff,* 915 F.2d 1071, 1072 (6th Cir.1990) ("State citizenship for the purpose of the diversity requirement is equated with domicile.").

"A person's previous domicile is not lost until a new one is acquired." *Id.* [citations omitted]. "Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there." *Id.*, citing *Mississippi Band of Choctaw Indians v. Holyfield,* 109 S.Ct. 1597, (1989); 13 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3612. As stated in Moore's Federal Practice, Third Edition, § 102.34[7]: **"[t]here is a presumption of continuing domicile that applies every time a person relocates. Once a domicile is established in one state, it is presumed to continue in existence, even if the party leaves that state, until the adoption of a new domicile is established.**" (Citing *Von Duser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) [emphasis added].

> "To establish a new domicile, a person must have no fixed and definite intent to return to the place where he or she was formerly domiciled. It is sufficient so long as the individual intends to remain at the new home for an indefinite period. … **[I]t is the intention at the time of arrival that is important. The fact that the person may later have acquired doubts about remaining, or later needed to leave is unimportant, as long as the subsequent doubt or the circumstance of leaving does not indicate that the intention to make the place the person's home never existed**."

Moore's Federal Practice, Third Edition, § 102.35[3] [emphasis added].

**Although a person may have more than one residence, she may only have one domicile at any one time.** *Williamson v. Osenton,* 34 S.Ct. 442 (1914). Domicile requires (1) the party's physical presence

in the state; (2) the intent to remain in that state indefinitely. *See, e.g., Mississippi Band of Choctaw Indians v. Holyfield,* 109 S.Ct. 1597, 1608 (1989). "The location of a person's domicile at any given time is a question of intent: what is the fixed location to which he intends to return when he is elsewhere?" *Detroit Lions, Inc. v. Argovitz*, 967 F.2d 919 (Table), p. 2 (6th Cir. 1985) [citations omitted]. "As such, determination of domicile is primarily a question of fact, that will not be reversed unless clearly erroneous." *Id.* The Sixth Circuit in *Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973) conducted a thorough analysis of the diversity of citizenship standard required for federal court subject matter jurisdiction stating:

> **[To) acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.** A threshold inquiry, then, is whether a person has the legal capacity to form the intention to abide where he resides. Although in a federal diversity case the capacity of a person to sue or be sued is to be determined by the law of the state of the litigant's domicile, Fed.R.Civ.P. 17(b), and although state law may define certain concepts or relations that bear on the question of a litigant's disability to perform particular acts, the determination in a diversity case whether a litigant can acquire citizenship in a particular state is a federal question to be resolved in accordance with federal principles.

*Id.* at 1120 [emphasis added, citations omitted].

> **Illustrative indicia of intent include affidavits of intention, transfer requests, registration for driver's licenses, opening bank accounts, addressing tax returns, motive for establishing domicile, and other physical facts evidencing that the desire to remain will not expire when the order requiring presence does.**

*Id.* at 1122 [emphasis added, citations omitted].

Domicile has been defined generally as a person's "home" or permanent base of operations. "[H]ome is the place where a person dwells and which is the center of his domestic, social and civil life." Restatement of Conflicts 2d §§ 11, 12 (1971). The "[d]omicile of a person is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. Domicile therefore, has both a physical and a mental dimension and is more than an individual's

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

residence, although the two typically coincide." 13B C. Wright & A. Miller, *Federal Practice and Procedure* § 3612 at 526-27 (1984).

Where, as here, there is evidence indicating the party has more than one residence, or the residence is unclear, the court should focus on the intent of the party. *Brignoli v. Balch, Hardy & Scheinman, Inc.,* 696 F.Supp. 37, 41 (S.D.N.Y.1988). "To ascertain intent, a court must 'examine the entire course of a person's conduct in order to draw the necessary inferences as to the relevant intent.' " *Id.* A "totality of the evidence" approach is called for, and no single factor is conclusive, although the residence of a married person's spouse and children (if the couple has not separated) is given considerable weight. Moore's Federal Practice, Third Edition, § 102.36[4]. Among the influential factors are the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment." *Id.* at § 102.36[1]. "The place where a person votes is a factor that perhaps carries more weight than other factors. Several courts have indicated that voter registration raises a presumption of domicile. *Id.* at § 102.36[3] [citations omitted].

In this case the Defendant has not sufficiently pled a factual basis to support their assertion that there is diversity of citizenship between the parties. Here, Defendant rests exclusively on statements contained in Plaintiff's Complaint that she "maintains a residence" in Michigan and "temporarily relocated her husband and children from their home" in Michigan to Arkansas. These allegations do not satisfy Defendant's burden to prove by a preponderance of the evidence that Plaintiff is a citizen of Michigan such that diversity of citizenship exists.

To the contrary, Plaintiff has provided ample evidence that her intent was to become a citizen of Arkansas at she moved there and that her intent continued unchanged through filing of this Complaint and Defendant's removal of same. For example, Plaintiff has testified that upon moving to Arkansas, she

7

had no intention of remaining a citizen of Michigan or moving her family back to Michigan. (*Id.* at ¶ 8). Plaintiff intended to stay in Arkansas as long as her employment with Defendant lasted and continues to live in Arkansas while she seeks new employment. (*Id.*). Based on Defendant's relocation assistance program (assisted Plaintiff with selling her Michigan house, finding and purchasing and Arkansas home) and the compensation package offered to Plaintiff (including stock options that vested over a five year period), one could easily make the determination that Plaintiff assumed she would be living in Arkansas for the rest of her life, and certainly for an extended period of time. In accordance with these intentions, Plaintiff and her husband placed their Rochester Hills, Michigan house for sale as they looked for and purchased a home in the Bentonville area of Arkansas. (*Id.* at ¶ 3). Plaintiff moved to Arkansas and commenced her employment with Wal-Mart, on February 6, 2006. (*Id.* at ¶ 4). Plaintiff's husband and two children moved from Michigan to her Arkansas home in June 2006, immediately upon completion of the children's school year in Michigan. (*Id.* at ¶ 5). Plaintiff and her husband continue to own and (with their children) live in their house in Arkansas. (*Id.* at ¶ 6). Finally, as cited by the Supreme Court in *Williamson v. Osenton, supra*, the mere fact that Plaintiff's Rochester Hills home has not yet sold – which, of course, is not uncommon given the current poor housing market in Southeast Michigan – does not weigh against Plaintiff in the diversity of citizenship analysis.

Beyond these criteria, there are a number of other factors that demonstrate Plaintiff's intent to establish her domicile in Arkansas. These include the fact that upon moving to Arkansas, Plaintiff's minor children (grades 2 and Pre-K) were enrolled in school in the city of Fayetteville, Arkansas, where they continue to attend. (*Id.* at ¶ 9). Additionally, upon moving to Arkansas Plaintiff purchased a vehicle which was registered, along with her other family vehicle, in Arkansas. (*Id.* at ¶ 10). Further, upon moving to Arkansas, Plaintiff obtained an Arkansas voters registration. (*Id.* at ¶ 11). Plaintiff also became involved in the local Church. (*Id.* at ¶ 14). Finally, Plaintiff's Arkansas address is being used for

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

submission of her 2006 income tax returns and Plaintiff changed the billing address on all of her credit cards, insurance and other bills to her Arkansas home. (*Id.* at ¶¶ 13-14).

All criteria that should be weighed heavily in Plaintiff's favor on this diversity of citizenship analysis.

<u>**CONCLUSION**</u>

In this case, Defendant bases its Notice of Removal exclusively on statements contained in Plaintiff's Complaint that she "maintains a residence" in Michigan and "temporarily relocated her husband and children from their home" in Michigan to Arkansas. These allegations do not satisfy Defendant's burden to prove by a preponderance of the evidence that Plaintiff is a citizen of Michigan such that diversity of citizenship exists.

Under the diversity of citizenship analysis diversity only exists where each party is a citizen of the same state. Citizenship is synonymous with domicile – not with residence. In this case Plaintiff established her domicile in Arkansas when she moved her family to Arkansas with the intent to remain there indefinitely. In this regard, it is uncontroverted that in February 2006 (when hired by Defendant) Plaintiff moved to Arkansas, and subsequently purchased a home in the state of Arkansas, relocated her children and husband to Arkansas, listed her Michigan house with a realtor for sale, enrolled her children in school in Arkansas, obtained an Arkansas voters registration, registered her vehicles in Arkansas and became involved in the local Church. Further, Plaintiff's Arkansas address is being used for submission of her 2006 income tax returns and Plaintiff changed the billing address on all of her credit cards, insurance and other bills to her Arkansas home. The mere fact that Plaintiff maintains a residence in Michigan doesn't mean she is a citizen of Michigan and, accordingly, this Court must remand this matter for lack of subject matter jurisdiction.

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

Additionally, Plaintiff requests an award of "of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," pursuant to 28 U.S.C. §1447(c) for having to unnecessarily defend against Defendant's unsupported and unwarranted removal.

**WHEREFORE**, the Plaintiff moves this Honorable Court to remand this action to the Circuit Court for Oakland County, Michigan and award the Plaintiff the costs she incurred because of the removal.

<div style="margin-left:40%">

s\Sam G. Morgan, (P-36694)
Sommers Schwartz, P.C.
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan  48075
(248) 355-0300
smorgan@sommerspc.com

</div>

Dated: April 16, 2007

<div style="text-align:center">

**<u>CERTIFICATE OF SERVICE</u>**

</div>

I certify that on April 16, 2007, I electronically filed the aforementioned documents with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

<div style="margin-left:25%">

John F. Schaefer (P-19948) at bar@lfjfs.com
B. Andrew Rifkin (P-46147) at bar@lfjfs.com
Eugene Scalia at escalia@gibsondunn.com
Debra M. McCulloch (P-31995) at dmcculloch@dykema.com

and I hereby certify that I have mailed by United States Postal Service the papers to the following non-ECF participants:  N/A

</div>

<div style="margin-left:40%">

s/Sam G. Morgan, (P-36694)
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, Michigan  48075
(248) 746-4040
smorgan@sommerspc.com

</div>