Case 2:07-cv-10168-LPZ-RSW     Document 12-3     Filed 04/16/2007     Page 1 of

Dockets.Justia.com

# EXHIBIT "A"

Legal Software, Inc.
(800) 530-2255
Approved, SCAO

Original - Court
1st copy - Defendant

06-079562-CK

JUDGE D. LANGFORD MORRIS
ROEHM, JULIE.A V WAL MART STOR

**STATE OF MICHIGAN**
6th JUDICIAL DISTRICT
JUDICIAL CIRCUIT
COUNTY PROBATE

**SUMMONS AND COMPLAINT**

| Court address | Court telephone no. |
|---|---|
| 1200 North Telegraph Road, Pontiac, MI 48341 | (248) 858-1000 |

| Plaintiff name(s), address(es) and telephone no(s). | Defendant name(s), address(es), and telephone no(s). |
|---|---|
| Julie Ann Roehm | v  Wal-Mart Stores, Inc., a Delaware Corporation<br>c/o The Registered Agent, The Corporation Company<br>30600 Telegraph Road<br>Bingham Farms, MI 48025 |

Plaintiff attorney, bar no., address, and telephone no.
John F. Schaefer (P19948)
The Law Firm of John F. Schaefer
380 North Old Woodward, Ste. 320
Birmingham, MI 48009  (248) 642-6655

**SUMMONS** | NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| DEC 15 2006 | MAR 16 2007 | RUTH JOHNSON |

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** | Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has has been previously filed in _____ Court.
The action ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Oakland | Oakland |
| Place where action arose or business conducted | |
| Oakland | |

| 12/15/06 | |
|---|---|
| Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/02) SUMMONS AND COMPLAINT    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A

06-079562-CK



JUDGE D. LANGFORD MORRIS
ROEHM, JULIE, A V WAL MART STOR

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

RECEIVED FOR FILING
OAKLAND COUNTY CLERK

JULIE ANN ROEHM, Individually,

Plaintiff,

'06 DEC 15 P 3:58

BY

vs.

No.: 06-        -CK
Hon.:

WAL-MART STORES, INC., a Delaware
Corporation

       Defendant.

---

THE LAW FIRM OF JOHN F. SCHAEFER
BY:   JOHN F. SCHAEFER (P19948)
       B. ANDREW RIFKIN (P46147)
**Attorneys for Plaintiff**
380 North Old Woodward  Suite 320
Birmingham, Michigan  48009
(248) 642-6655

---

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

THE LAW FIRM
OF
OHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM   GROSSE POINTE
48) 642-6655   (313) 881-1300

**NOW COMES** Plaintiff, JULIE ROEHM, by and through her attorneys, THE LAW FIRM OF JOHN F. SCHAEFER, and for her Complaint against Defendant, WAL-MART STORES, INC., she states unto this Honorable Court as follows:

### Jurisdiction and Parties

1. Plaintiff JULIE ANN ROEHM maintains a residence in the City of Rochester Hills, County of Oakland, State of Michigan.

2. At all times relevant to this cause, Defendant WAL-MART STORES, INC. was and is a Delaware corporation, directly and or/indirectly (through wholly owned subsidiaries) maintaining retail stores and/or offices in – and conducting regular and ongoing business in – the County of Oakland, State of Michigan.

3. On January 13, 2006, Plaintiff entered into an employment contract with Defendant to employ Plaintiff as a key senior executive of the company, with major responsibilities for marketing, communications, planning, directing, coordinating and controlling overall corporate marketing and media strategy, along with a Post-Termination Agreement and Covenant Not to Compete (all of which are collectively referred to hereinafter as the "Agreement"). (Please see **Exhibit A**).

4. The Agreement was delivered to Plaintiff and executed by Plaintiff in the City of Rochester Hills, County of Oakland, State of Michigan.

5. The amount in controversy exceeds the jurisdictional limits of this Court.00, excluding interest and costs.

THE LAW FIRM
OF
JOHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM    GROSSE POINTE
(248) 642-6655   (313) 881-1300

## Common Allegations

6. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs above as if they were set forth fully, word for word, in this paragraph.

7. At all times relevant to this Complaint, Defendant was and is responsible for the actions of its employees and/or agents, as well as those persons representing themselves to be employees and/or agents of Defendant.

8. As part and parcel of the Agreement, Defendant represented and committed to pay to Plaintiff, in addition to a signing bonus of $250,000 and her annual base pay of $325,000, (1) Annual Incentive Payments up to 125% of Plaintiff's annual base salary, based upon Defendant reaching certain pre-established performance measures, (2) a restricted stock award with a value of approximately $300,000, to be vested over a period from three to five years after the commencement of employment, (3) stock options with a value of approximately $500,000, to be vested over a period from during the first five years after the commencement of employment, (4) and annual equity awards granted during the first quarter of each year of employment. (Please see **Exhibit A**).

9. The Agreement further provides that Defendant would pay "Relocation" benefits to Plaintiff, including up to 6 mortgage payments, so long as Plaintiff did not voluntarily leave Defendant's employ. (Please see **Exhibit A**).

10. The Agreement also provided that if Defendant "initiates the termination of [Plaintiff's] employment, [Defendant] will, for a period of one (1) year from the effective date of termination ... continue to pay [Plaintiff's] base salary at the rate in effect on the date of termination..." (Please see **Exhibit A**).

THE LAW FIRM
OF
OHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM    GROSSE POINTE
(248) 642-6655    (313) 881-1390

Case 2:07-cv-10168-LPZ-RSW   Document 12-3   Filed 04/16/2007   Page 6 of

11. Based upon and in reliance upon the covenants made by Defendant in the Agreement, Plaintiff temporarily relocated her husband and children from their home in Rochester Hills, Michigan, to a house in Bentonville, Arkansas, and commenced work for Defendant on February 6, 2006.

12. On December 4, 2006, Defendant's CFO told Plaintiff that her employment was being terminated, ostensibly because Plaintiff "hasn't been fulfilling the expectations of an officer of the company."

13. Defendant provided no specific examples of any conduct by Plaintiff which did not fulfill the expectations of an officer of the company, because no such conduct exists.

14. Despite the fact that no such conduct exists by which Plaintiff did not fulfill the expectations of an officer of the company, Defendant told Plaintiff that her employment was terminated and that she would not receive any further compensation from Defendant beyond December 4, 2006.

15. Defendant further holds in its offices personal files and property of Plaintiff, but despite Plaintiff's requests to have that material returned to her, Defendant has refused.

16. Thereafter, agents of Defendant made false and malicious statements to the media.

## Count I
### Breach of Contract

17. Plaintiff re-alleges all of the allegations recited in the preceding paragraphs.

THE LAW FIRM
OF
OHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM    GROSSE POINTE
(48) 642-6655   (313) 881-1300

18. Despite Defendant's contractual obligations – both expressed and implied – Defendant specifically, willfully, and deliberately has breached those obligations.

19. By refusing to pay Plaintiff the compensation to which she is entitled pursuant to the Agreement, and by failing to abide by the terms of the Agreement, express and implied, Defendant has breached its Agreement with Plaintiff.

20. By way of example, without limitation, Defendant breached the Agreement by willfully and deliberately refusing pay Plaintiff any of the compensation to which she is entitled pursuant to the Agreement, and as described above.

21. By reason of Defendant's breaches of contract, Plaintiff has sustained damages, which include but are not limited to significant economic losses, monetary damages, increased costs, and attorney fees, as well as other consequential losses.

22. Plaintiff has performed all conditions precedent under the Agreement.

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court grant her judgment against Defendant in an amount in excess of the jurisdictional limits of this Court, plus exemplary and punitive damages, costs, interest, and attorney fees incurred by Plaintiff in the prosecution of this action.

### Count II
### Fraud and Misrepresentation

23. Plaintiff re-alleges all of the allegations recited in the preceding paragraphs.

THE LAW FIRM
OF
OHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM    GROSSE POINTE
48) 642-6645   (313) 881-1300

24. Defendant made material representations of fact to Plaintiff that Defendant would abide in good faith to the terms of the Agreement if Plaintiff entered into the Agreement and relocated her family to Arkansas. Defendant further represented that Defendant, pursuant to the Agreement, would pay all sums due and owing to Plaintiff according to the terms of the Agreement.

Case 2:07-cv-10168-LPZ-RSW   Document 12-3   Filed 04/16/2007   Page 8 of

25. Defendant's material representations of fact to Plaintiff were false.

26. Defendant knew that its representations were false when they were made, or Defendant made the misrepresentations recklessly, without knowledge of their truth as a positive assertion.

27. Defendant made these assertions with the intention that the assertions be acted upon by Plaintiff in entering into the Agreement.

28. In entering into the Agreement with Defendant, Plaintiff acted in reliance upon the misrepresentations of material fact made by Defendant.

29. As a direct and proximate result of Defendant's misrepresentations of material facts, Plaintiff has suffered, and will continue to suffer into the future, injuries and damages, including but not limited to significant economic losses, monetary damages, increased costs, attorney fees, as well as other consequential losses.

**WHEREFORE,** Plaintiff respectfully requests that this honorable Court grant her judgment against Defendant in an amount in excess of the jurisdictional limits of this Court, plus exemplary and punitive damages, costs, interest, and attorney fees incurred by Plaintiff in the prosecution of this action.

THE LAW FIRM
OF
JOHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM    GROSSE POINTE
(248) 642-6655   (313) 881-1300

## Count III
## Claim and Delivery

30. Plaintiff re-alleges all of the allegations recited in the preceding paragraphs.

31. Defendant remains in possession of belongings created and owned entirely by Plaintiff, with no connection whatsoever to Defendant, including but not limited to: (1) her Media Exchange files (which were left in stacks in her office), (2) all materials from all presentations and work she has done prior to her employment with Defendant, and (3) copies of the following computer Outlook folders/files: The Exchange, all personal folders, and Contacts.

32. Defendant has refused to return those belongings to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court grant her judgment against Defendant, and/or order Defendant to return to Plaintiff forthwith all personal files and property of Plaintiff, and assess against Defendant exemplary and punitive damages, costs, interest, and attorney fees incurred by Plaintiff in the prosecution of this action.

Respectfully submitted,

THE LAW FIRM OF JOHN F. SCHAEFER

BY: _____
JOHN F. SCHAEFER (P19948)
B. ANDREW RIFKIN (P46147)
**Attorneys for Plaintiff**
380 North Old Woodward  Suite 320
Birmingham, MI 48009
(248) 642-6655

Dated: December 15, 2006.

THE LAW FIRM
OF
JOHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM     GROSSE POINTE
(48) 642-6655   (313) 881-1300

06-079562-CK

JUDGE D. LANGFORD MORRIS
ROEHM,JULIE,A V WAL MART ST

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

RECEIVED FOR FILING
OAKLAND COUNTY CLERK

JULIE ANN ROEHM, Individually

Case 2:07-cv-10168-LPZ-RSW   Document 12-3   Filed 04/16/2007   Page 11 of

06 DEC 15 P 3:58

Plaintiff,

BY_____
DEPUTY COUNTY CLERK

No.: 06-       -CK
Hon.:

vs.

WAL-MART STORES, INC., a Delaware
Corporation

Defendant.

---

THE LAW FIRM OF JOHN F. SCHAEFER
BY:   JOHN F. SCHAEFER (P19948)
      B. ANDREW RIFKIN (P46147)
**Attorneys for Plaintiff**
380 North Old Woodward  Suite 320
Birmingham, Michigan  48009
(248) 642-6655

---

**JURY DEMAND**

THE LAW FIRM
OF
JOHN F. SCHAEFER
PROFESSIONAL LIMITED LIABILITY COMPANY

BIRMINGHAM     GROSSE POINTE
(248) 642-6655  (313) 881-1300

NOW COMES Plaintiff, JULIE ROEHM, by and through her attorneys, THE LAW FIRM OF JOHN F. SCHAEFER, and hereby demands a trial by jury of the above-entitled cause.

Respectfully submitted,

THE LAW FIRM OF JOHN F. SCHAEFER

BY: _____
JOHN F. SCHAEFER (P19948)
B. ANDREW RIFKIN (P46147)
**Attorneys for Plaintiff**
380 North Old Woodward  Suite 320
Birmingham, MI 48009
(248) 642-6655

Dated: December 15, 2006.