Dockets.Justia.com

# EXHIBIT "B"

Receipt Number
38994

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JULIE ANN ROEHM,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

Case: 2:07-cv-10168
Assigned To: Zatkoff, Lawrence P
Referral Judge: Whalen, R. Steven
Filed: 01-10-2007 At 09:13 AM
REM ROEHM V WAL-MART STORES INC
(EW)

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), by and through its attorneys, Dykema Gossett PLLC, gives notice that the above action is removed from the Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division. In support of removal, Defendant states as follows:

1. On or about December 15, 2006, an action was commenced against Wal-Mart in the Circuit Court for the County of Oakland, State of Michigan, entitled "Complaint And Demand For Jury Trial" and designated as Case No. 06-079562-CK.

2. Copies of the Summons, Complaint and Jury Demand were served upon Wal-Mart via its registered agent for service on December 20, 2006. Copies of the Summons, Complaint and Jury Demand are attached hereto as Exhibit A.

3. The Summons, Complaint, and Jury Demand attached hereto as Exhibit A constitute all process, pleadings and orders served upon or received by Wal-Mart in this action.

4. This Court has original jurisdiction based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332, because, as set forth more fully below, this is a civil action wherein the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees, and is between citizens of different states.

1

5.  At the time this action was commenced, and at all times since, including at the time this Notice of Removal of Civil Action is filed, Wal-Mart was and is a corporation organized under and existing by virtue of the laws of the State of Delaware, and having its principal place of business in the State of Arkansas. Wal-Mart was and is a citizen of the States of Delaware and Arkansas, and Wal-Mart is not now and has never been a citizen of the State of Michigan, where this action was brought, within the meaning of 28 U.S.C. § 1332(c).

6.  Wal-Mart is informed and believes that since approximately 1998, including at the time this action was commenced and at the time this Notice of Removal was filed, Plaintiff is and has been a citizen of the State of Michigan. Plaintiff admits that she currently maintains a residence in Oakland County, Michigan. *See*, Exhibit A, Complaint at ¶ 1. Although Plaintiff asserts that she "temporarily relocated" her family from their "home" in Michigan to a "house" in Arkansas for less than a year while she was employed by Defendant, *see id.* at ¶ 11, Plaintiff does not allege that she at any time established a domicile in the States of Arkansas or Delaware.

7.  In accordance with L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys fees. In support of its allegation that Plaintiff's Complaint sets forth a claim in excess of the jurisdictional amount required by 28 U.S.C. § 1332(a), Wal-Mart submits upon the following facts and reasons:

   a.  Plaintiffs' Complaint alleges breach of contract, fraud and misrepresentation, and claim and delivery. Consistent with state court practice, Plaintiffs' Complaint does not specify the sum sought as damages. Rather, the Complaint indicates that Plaintiffs seek an amount in excess of the jurisdictional requirement of that court, which is $25,000.

   b.  Though the Complaint does not plead a specific amount in controversy in excess of the jurisdictional amount, Plaintiff does seek to recover actual damages, including, but not limited to: severance pay in the amount of $325,000, *see* Exhibit A, Complaint at ¶ 10; stock options valued at approximately $500,000, *see id.* at ¶ 8; a restricted stock award with an approximate value of $300,000, *see id.*; and Annual Incentive Payments worth up to $406,250, *see id.*

2

    c.    If the allegations in Plaintiffs' Complaint are proven to be true, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys fees.

8.    This Notice of Removal is filed within thirty (30) days after service upon Wal-Mart of the initial pleadings as required by 28 U.S.C. § 1446(b).

9.    The Oakland County Circuit Court is located in the Eastern District of Michigan, Southern Division.

10.    A Notice of Filing Notice of Removal to Federal Court and a copy of this Notice of Removal of Civil Action have been filed with the Circuit Court for the County of Oakland, State of Michigan, as required by 28 U.S.C. § 1446(d), and copies of the same have been served upon Plaintiff's counsel as verified by the attached proof of service.

11.    Based upon the foregoing, Wal-Mart is entitled to remove this action to this Court under 28 U.S.C. § 1441.

WHEREFORE, Defendant gives notice of removal of this cause of action from the Circuit Court for the County of Oakland to this Court.

Respectfully submitted,

DYKEMA GOSSETT PLLC

*/s/ Joseph A. Ritok, Jr.*
Debra M. McCulloch (P34995)
Joseph A. Ritok, Jr. (P25472)
Attorneys for Defendant
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0785

GIBSON, DUNN & CRUTCHER LLP

*/s/ Eugene Scalia*
Eugene Scalia
Karl G. Nelson
David J. Debold (P39278)
Of Counsel for Defendant
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
(202) 955-8500

DATE: January 10, 2007

Case 2:07-cv-10168-LPZ-RSW   Document 1   Filed 01/10/2007   Page 4 of 20

Case 2:07-cv-10168-LPZ-RSW   Document 12-4   Filed 04/16/2007   Page 5 of

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2007, a true and correct copy of the foregoing *Notice of Removal* was served by certified mail, return receipt requested, upon the following counsel of record:

John F. Schaefer
B. Andrew Rifkin
**The Law Firm of John F. Schaefer**
380 N. Old Woodward, Suite 320
Birmingham, MI 48009
(248) 642-6665
*Attorneys for Plaintiff*

_____
JOSEPH A. RITOK, JR.

DET02\242239.1
ID\JAR