# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JULIE ANN ROEHM,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

CASE NO. 2:07-cv-10168

Judge Lawrence P. Zatkoff
Mag. Judge R. Steven Whalen

| | |
|---|---|
| THE LAW FIRM OF JOHN F. SCHAEFER<br>JOHN F. SCHAEFER, (P-19948)<br>ANDREW RIFKIN, (P-46147)<br>Attorneys for Plaintiff<br>380 North Old Woodward, Suite 320<br>Birmingham, Michigan 48009<br>(248) 642-6665 | DYKEMA GOSSETT PLLC<br>DEBRA M. MCCULLOCH (P-31995)<br>JOSEPH A. RITOK, JR. (P-25472)<br>Attorneys for Defendants<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0785 |
| SOMMERS SCHWARTZ, P.C.<br>SAM G. MORGAN, (P-36694)<br>KEVIN J. STOOPS, (P-64371)<br>Co-Counsel for Plaintiff<br>2000 Town Center, Suite 900<br>Southfield, Michigan 48075<br>(248) 355-0300 | GIBSON, DUNN & CRUTCHER LLP<br>EUGENE SCALIA<br>KARL G. NELSON<br>DAVID J. DEBOLD (P-39278)<br>Of Counsel for Defendant<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 955-9500 |

## BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND

## ISSUE PRESENTED

Whether Plaintiff, who admittedly relocated herself and her family on only a temporary basis from their home in Michigan to a house in Arkansas, thereby relinquished her domicile in Michigan and became a citizen of Arkansas for diversity of citizenship purposes as of the time she filed her post-employment complaint in Michigan state court?

Plaintiff says "yes."

Defendant says "no."

## STATEMENT OF CONTROLLING AUTHORITY

Defendant relies upon *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30 (1989), *Nagalingam v. Wilson*, 8 Fed. Appx. 486 (6th Cir. 2001), *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990), and *Kaiser v. Loomis*, 391 F.2d 1007 (6th Cir. 1968), as well as the other authorities cited in the body of this brief.

## TABLE OF CONTENTS

Page

ISSUE PRESENTED ...................................................................................................... ii

INDEX OF AUTHORITIES ............................................................................................ v

I.    INTRODUCTION ................................................................................................ 1

II.    ARGUMENT

    This Case Should Not Be Remanded To State Court Because Plaintiff Herself Characterizes Michigan As Her Home, And She Cannot Satisfy Her Burden To Prove That She Intended To Change Her Domicile To Arkansas. ............................................................................................................... 2

    A.    Plaintiff's own representations, both to her colleagues and to this Court, as well as her past conduct confirm that she did not intend to remain in Arkansas indefinitely. ........................................................ 3

    B.    Plaintiff's self-serving and inconsistent statements about her intentions should be afforded no weight. ................................................ 8

    C.    Plaintiff presents facts that prove only her temporary residence in Arkansas, and not her intention to remain indefinitely in the state. ...... 10

III.    CONCLUSION .................................................................................................. 12

# INDEX OF AUTHORITIES

Page(s)

## CASES

*Bateman v. E.I. DuPont de Nemours & Co.*
  7 F. Supp. 2d 910 (E.D. Mich. 1998) ............................................................................... 6

*Brignoli v. Balch, Hardy & Scheinman, Inc.*
  696 F. Supp. 37 (S.D.N.Y. 1988) ..................................................................................... 6

*District of Columbia v. Murphy*
  314 U.S. 441 (1941) ......................................................................................................... 9

*Hayes v. Equitable Energy Res. Co.*
  266 F.3d 560 (6th Cir. 2001) ............................................................................................ 9

*Hedy v. BASF Corp.*
  1999 U.S. Dist. LEXIS 7573 (E.D. Mich. 1999) ............................................................. 6

*Kaiser v. Loomis*
  391 F.2d 1007 (6th Cir. 1968) ..................................................................................... 3, 4

*Mallon v. Lutz,*
  217 F. Supp. 454 (E.D. Mich. 1963) ................................................................................ 4

*Mississippi Band of Choctaw Indians v. Holyfield*
  490 U.S. 30 (1989) ........................................................................................................... 3

*Nagalingam v. Wilson*
  8 Fed. Appx. 486 (6th Cir. 2001) ..................................................................................... 3

*Nat'l Artists Mgm't Co. v. Weaving*
  769 F. Supp. 1224 (S.D.N.Y. 1991) ................................................................................. 6

*Rogers v. Wal-Mart Stores, Inc.*
  230 F.3d 868 (6th Cir. 2000) ............................................................................................ 9

*Russell v. Chrysler Corp.*
  443 Mich. 617 (1993) ..................................................................................................... 11

*Simmons v. Skyway of Ocala*
  592 F. Supp. 356 (S.D. Ga. 1984) .................................................................................... 6

*Stifel v. Hopkins*
  477 F.2d 1116 (6th Cir. 1973) .......................................................................................... 5

## INDEX OF AUTHORITIES (cont.)

*Von Dunser v. Aronoff*
   915 F.2d 1071 (6th Cir. 1990) .................................................................................................. 4

## TREATISES

Moore's *Federal Practice* § 102.34[7] ............................................................................................ 3

Moore's *Federal Practice* § 102.35[6] ............................................................................................ 3

Moore's *Federal Practice* § 102.36[1] ........................................................................................ 5, 6

Moore's *Federal Practice* § 102.36[3] ............................................................................................ 5

# I.
# **INTRODUCTION**

Plaintiff has litigated this suit in Michigan courts for nearly half a year based on implicit representations, both to Defendant and to the courts of this state, that she is and remains a Michigan citizen. Now, however, she abruptly seeks to change the forum for this litigation by claiming that she has actually been a citizen of Arkansas for over a year.

Notwithstanding her recent change of heart, Plaintiff does not dispute that she was a citizen of Michigan before she joined Wal-Mart. Nor does she dispute that once domicile is established in one state, it is presumed to continue until a new domicile is established in another state. Finally, Plaintiff does not dispute that a person can establish a new domicile only by demonstrating *both* physical presence in a new state *and* the intention to remain in that state indefinitely.

Yet Plaintiff cannot satisfy her burden to prove this final, essential element of her remand argument – that she planned to remain in Arkansas *indefinitely*. To the contrary, for months Plaintiff has litigated her claim on the assumption that she is a Michigan citizen. Indeed, her complaint states that she only "*temporarily* relocated her husband and children from their *home* in Rochester Hills to a *house* in Bentonville, Arkansas." Complaint at ¶ 11 (emphasis added). Now, having retained new counsel, she is shifting litigation strategies and claiming Arkansas citizenship. Despite this new approach, however, even her brief in support of remand acknowledges Plaintiff intended to stay in Arkansas not indefinitely, but only "as long as her employment with Defendant lasted." Brief in Support of Plaintiff's Motion to Remand at 3, 8.

Moreover, as her words and conduct in both her personal and professional life make clear, Plaintiff expected her employment with Defendant to be only a short-term stop on her career path. By Plaintiff's own admission, voter registration is a powerful indicia of one's

1

intentions. But Plaintiff never registered to vote in Arkansas, and she remains a registered voter in Michigan. Her driver's license and primary checking account also remain in Michigan. Plaintiff hired exclusively Michigan counsel to represent her in this matter, and has at no time even bothered to consult Arkansas counsel – another accepted indicia of domicile. Moreover, she made amply clear to colleagues, both at Wal-Mart and in the advertising community, that she viewed her position in Bentonville as merely a temporary stepping stone in her professional career, and even began indicating her intention to pursue other opportunities in other states as early as her third month on the job.

Plaintiff's self-serving and inconsistent allegations of intent only further demonstrate her inability to tell a consistent story and do not satisfy her burden to prove a long-term intention to become an Arkansas citizen. In addition, the facts upon which she relies in urging remand – that she bought a house in Arkansas and moved her family there, that she enrolled her children in school and attended church in Arkansas, that she registered her vehicles and filed tax returns in Arkansas, and that she used her Arkansas address for billing purposes – prove only that Plaintiff *resided* in Arkansas; they do not demonstrate her intention to remain there on an indefinite basis. When measured against Plaintiff's own prior statements that she intended to relocate her family only *temporarily* to Arkansas, such facts are insufficient to carry Plaintiff's burden of proof.

## II.
## ARGUMENT

**This Case Should Not Be Remanded To State Court Because Plaintiff Herself Characterizes Michigan As Her Home, And She Cannot Satisfy Her Burden To Prove That She Intended To Change Her Domicile To Arkansas.**

The jurisdiction of this Court turns on the state of Plaintiff's citizenship, which is equated with domicile. As Plaintiff acknowledges, a person can have more than one residence but only one domicile. Brief in Support of Plaintiff's Motion to Remand at 5. She does not dispute that

2

she was a citizen of Michigan before she joined Wal-Mart. *Id.* at 3. Nor does she contest that, once domicile is established in one state, it is "presumed to continue in existence, even if the party leaves that state, until the adoption of a new domicile is established." *Id.* at 5 (quoting Moore's *Federal Practice* § 102.34[7] (Matthew Bender 3d. ed.)).

Accordingly, Plaintiff has the burden to prove that she established not only a new residence but also a new domicile in Arkansas. *See, e.g.,* Moore's *Federal Practice* § 102.35[6] (Matthew Bender 3d. ed.)) (if a party "asserts a change of domicile to defeat diversity jurisdiction . . . the burden shifts to [that party] to prove that the domicile in question had changed when the suit was filed"); *Kaiser v. Loomis*, 391 F.2d 1007, 1010 (6th Cir. 1968) ("when it is shown . . . that [the party contesting diversity jurisdiction] had a former domicile in [one state], the presumption is that it continues to exist, and the burden shifts to [that party] to prove that it has changed").

Moreover, Plaintiff agrees that she can establish a new domicile in Arkansas only by demonstrating both physical presence *and* the intention to remain in Arkansas "indefinitely." Brief in Support of Plaintiff's Motion to Remand at 5-6 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)); *see also Nagalingam v. Wilson*, 8 Fed. Appx. 486, 488 (6th Cir. 2001) (equating domicile with the "last place where [plaintiff] resided with the intention of remaining there indefinitely") (citing *Holyfield*, 490 U.S. at 48) (attached as Defendant's Exhibit A).

**A.     Plaintiff's own representations, both to her colleagues and to this Court, as well as her past conduct confirm that she did not intend to remain in Arkansas indefinitely.**

Plaintiff plainly fails to satisfy her burden to prove that she planned to remain in Arkansas indefinitely. To the contrary, Plaintiff's own complaint admits that she only

3

"*temporarily* relocated her husband and children from their *home* in Rochester Hills to a *house* in Bentonville, Arkansas," Complaint at ¶ 11 (emphasis added) – while her brief in support of remand points out no fewer than nine times that domicile is determined by one's "home." Brief in Support of Plaintiff's Motion to Remand at 5, 6, 8, 9.[1] Moreover, in that same brief, Plaintiff acknowledges that she intended to stay in Arkansas only "as long as her employment with Defendant lasted." Brief in Support of Plaintiff's Motion to Remand at 3, 8.

As a matter of law, these statements alone are sufficient to defeat Plaintiff's claim of Arkansas citizenship. Merely relocating one's residence to another state is insufficient to establish a new domicile. *See, e.g., Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) (domicile presumed to continue even after one leaves the state). Indeed, courts have repeatedly held that leaving one's state of citizenship and entering another temporarily for reasons of school or work does not change one's domicile, absent some additional showing of an intention to remain indefinitely. *See Kaiser*, 391 F.2d at 1008-1009 (leaving state for a several-year-long mission did not cause change of domicile); *Mallon v. Lutz*, 217 F. Supp. 454, 456 (E.D. Mich. 1963) (leaving Michigan for medical school in Massachusetts did not cause change of domicile).

---

[1] As recently as her deposition on May 11, Plaintiff has continued to refer to her property in Rochester Hills as her "home":

    Q. All right. Since -- since June of '06, has anyone else lived in the home or resided in the home temporarily?
    A. In Rochester Hills, Michigan?
    Q. Yeah.
    A. No.
    Q. Okay. You haven't had any renters or family members who have stayed there or anything?
    A. No. The home is empty.

Deposition of Julie Ann Roehm ("Roehm Deposition"), attached as Defendant's Exhibit C, at 35.

Plaintiff's own conduct further confirms that she never intended to remain in Arkansas indefinitely. As Plaintiff points out in the brief supporting her Motion to Remand, "[t]he place where a person votes is a factor that perhaps carries more weight than other factors. Several courts have indicated that voter registration raises a presumption of domicile." Brief in Support of Plaintiff's Motion to Remand at 7 (quoting Moore's *Federal Practice* § 102.36[3] (Matthew Bender 3d. ed.)). Plaintiff is still registered to vote in the State of Michigan. (Defendant's Exhibit B). Although Plaintiff asserted in her Motion to Remand and supporting papers that she registered to vote in Arkansas, *see* Brief in Support of Plaintiff's Motion to Remand at 8, she has been unable to provide any documentary evidence to support this assertion, and now admits that she never voted in Arkansas, including in the November 2006 general election. Roehm Deposition at 54. In fact, upon examination, Plaintiff now admits that it's "possible" that she never actually registered as a voter in the state, notwithstanding the assertion in her Motion for Remand. *Id.* The Arkansas Secretary of State has no record of Plaintiff ever registering to vote in Arkansas. Exhibit 11 to the Roehm Deposition, which is attached as Defendant's Exhibit C.

Plaintiff also correctly asserts that the place where a party has obtained a driver's license is an "influential" factor in determining domicile. *See* Brief in Support of Plaintiff's Motion to Remand at 7 (citing Moore's *Federal Practice* § 102.36[1] (Matthew Bender 3d. ed.)). Notably, Plaintiff still retains a valid Michigan driver's license, *see* Defendant's Exhibit D, and has never obtained a driver's license in Arkansas. Roehm Deposition at 51. In contrast, Plaintiff registered for a California driver's license when she moved from Michigan to California, where she lived between 1996 and 1998. *Id*.

The location of one's bank accounts is another factor frequently considered by courts in conducting domicile analyses. *See Stifel v. Hopkins*, 477 F.2d 1116, 1122 (6th Cir. 1973); *Hedy*

5

*v. BASF Corp.*, 1999 U.S. Dist. LEXIS 7573, *10-11 (E.D. Mich. 1999) (listing a number of factors to take into account when determining domicile, one of which is the "location of brokerage and bank accounts," and concluding that the plaintiff never "intended to stay indefinitely in North Carolina" and thus "never lost his Michigan citizenship," based in part on the plaintiff's maintenance of his Michigan bank accounts); *accord Bateman v. E.I. DuPont de Nemours & Co.*, 7 F. Supp. 2d 910, 912 (E.D. Mich. 1998). Plaintiff has testified that her "main checking account," to which her paychecks from Defendant were deposited throughout her employment, is still located in Michigan. Roehm Deposition at 51-52. Moreover, Plaintiff first opened this account in approximately 1995, kept it open while she was working in California between 1996 and 1998, and continues to use the account even today. *See id.*

Yet another factor confirming Plaintiff's domicile in Michigan is the location of her lawyers. *See Nat'l Artists Mgm't Co. v. Weaving*, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991); *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 696 F. Supp. 37, 41 (S.D.N.Y. 1988); *Simmons v. Skyway of Ocala*, 592 F. Supp. 356, 360 (S.D. Ga. 1984) (finding significant for purposes of domicile analysis the fact that a couple's "lawyers . . . are in Florida, except for one North Carolina lawyer hired to assist with their daughter's estate matters"); Moore's *Federal Practice* § 102.36[1] (Matthew Bender 3d ed.). At present, Plaintiff has four counsel of record representing her in this case, from two different law firms, both of which are located in Michigan. *See* Brief in Support of Plaintiff's Motion to Remand at Title Page. At no time did Plaintiff consult Arkansas counsel with respect to this matter, even though her claims are based on conduct allegedly occurring in Arkansas in connection with her employment in Arkansas. Roehm Deposition at 7.

Moreover, Plaintiff has repeatedly indicated, to colleagues within both Wal-Mart and the advertising community, that she viewed her position in Bentonville as merely a temporary springboard to other professional opportunities, and she began communicating her intention to pursue other opportunities outside of Arkansas as early as April 2006, two months after she was first hired. On April 4, 2006, Sean Womack ("Womack"), a subordinate of Plaintiff, wrote in an e-mail to her: "So, when all this madness is done, and you go on to start your marketing services company, put me at the top of your first to call list. I think we kick." In a response later that day, Plaintiff wrote, "Me too but I'm counting on you and your connections for the start up now – I don't know any trillionaires." Exhibit 6 to the Roehm Deposition, which is attached as Defendant's Exhibit C, at 1.[2]

Furthermore, in an e-mail message from August 20, 2006, Womack e-mailed Tony Weisman ("Weisman") – then of the advertising agency DraftFCB – regarding a potential partnership between Plaintiff, Womack, and DraftFCB. The message, copied to Plaintiff and signed "Sean & Julie," began with Womack stating that "Julie and I spent the morning talking about our conversations with you, and we are both very interested in continuing this discussion." Exhibit 8 to the Roehm Deposition, which is attached as Defendant's Exhibit C, at 1-2. Continuing, Womack wrote, "Speaking of equity…we're both interested in having a stake in our next gig…More importantly, in the two of us you have a team that can help lead your

---

[2] *See also* Exhibit 7 to the Roehm Deposition, which is attached as Defendant's Exhibit C (in an e-mail from early June, Womack wrote to Plaintiff: "I've decided that you are like the sister I always wanted but never had. Your [sic] are making my work/life fun. Just make sure you take me with you." Plaintiff wrote back a short time later, asking "Do I get to be the little sister??:)," and then stated, "When you and I leave here, presuming we don't become sparring siblings, we both need to have a face in the industry…u may be my marketing soul mate so I have to get you out there?:)".).

7

organization in a powerful way." *Id* at 2. Womack also suggested that the timing of such a move would be a matter of months, adding: "Another interesting point is timing. Getting invovled [sic] sooner rather than later makes sense b/c the cement is setting." *Id.* "So, what is your timeframe? What do the next 60-360 days look like for you guys? When will it be too late?" *Id*. The last line of Womack's e-mail confirmed Plaintiff's and Womack's interest in devising a clandestine exit strategy from their positions with Defendant in Arkansas: "P.S. These gmail accounts are WM [Wal-Mart] safe. So, we can have candid conversations." *Id*. (bracketed language added). Such correspondence among Plaintiff, Womack, and Weisman further confirm that Plaintiff never intended to remain in Arkansas indefinitely, and that to the contrary, she was intent on using her temporary position with Wal-Mart as a mere stepping stone to a career move elsewhere.

**B.    Plaintiff's self-serving and inconsistent statements about her intentions should be afforded no weight.**

Notwithstanding the ample evidence that Plaintiff never relinquished her domicile in Michigan, Plaintiff now claims, on the advice of new counsel and as part of an apparent new litigation strategy to avoid jurisdiction in this Court, that "one could easily make the determination that Plaintiff assumed she would be living in Arkansas for the rest of her life." *See* Brief in Support of Plaintiff's Motion to Remand at 8. This language is peculiar – Plaintiff studiously avoids affirmatively stating that *she* ever held such a mental state. But in any event, one can reach this "determination" only by ignoring Plaintiff's own prior contrary statements to her colleagues as well as to the courts of this state.

This Court should give no weight to Plaintiff's newly-offered, self-serving and inconsistent allegations of her intentions. As the Supreme Court has observed: "One's testimony with regard to his intention [to establish a new domicile] is, of course, to be given full and fair

8

consideration, but is subject to the infirmity of any self-serving declaration, and may frequently lack persuasiveness or even be contradicted or negatived by other declarations or inconsistent acts." *District of Columbia v. Murphy*, 314 U.S. 441, 456 (1941).

Plaintiff's transparent effort to re-cast her intent in order to defeat diversity jurisdiction is also foreclosed by the law of this Circuit. The Court in *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000), held that a party cannot change the assertions made in their original complaint to defeat removal. *See id*. at 872; *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-573 (6th Cir. 2001). *Rogers* involved a plaintiff who originally claimed damages of approximately $1 million, but later reduced her damages claim to $75,000 in an attempt to have the case remanded to state court. *See Rogers*, 230 F.3d at 870. In denying the plaintiff's motion to remand, the district court cited to the fact that the plaintiff had originally claimed damages above $75,000, and held that the minimum amount in controversy for diversity jurisdiction had been met. *See id*. at 871. The plaintiff appealed to the Sixth Circuit, arguing that the district court should have granted her motion to remand because she stipulated that her damages were under the required amount in controversy. *See id*. However, the Sixth Circuit ruled that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Id*. at 872. According to the court, "if plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could *unfairly manipulate proceedings merely because their federal case begins to look unfavorable*." *Id*. (emphasis added).

This Court should therefore be especially hesitant to accept Plaintiff's statements at face value, given the numerous inconsistencies and contradictions in Plaintiff's assertions. Plaintiff provides no credible basis for discounting her earlier representations that she relocated her

9

family only temporarily to Arkansas, nor does her motion attempt to disavow those statements. After observing in her Complaint that her relocation to Arkansas was "temporary," she now claims that she moved to Arkansas potentially for the "rest of her life." Her remand motion alleges that she registered to vote in Arkansas, but the evidence contradicts that assertion. Plaintiff has also changed her story with respect to the ownership of her home in Michigan. Whereas Plaintiff previously alleged that she "maintains a residence in the City of Rochester Hills, County of Oakland, State of Michigan," that she characterized as her family's "home," *see* Exhibit A to Plaintiff's Motion to Remand at 2, 4, when the time came for Plaintiff to argue that she is in fact a citizen of Arkansas, she began to claim that she only still owns the Rochester Hills home because she has been unable to sell it given the "current poor housing market in Southeast Michigan." Brief in Support of Plaintiff's Motion to Remand at 8. But in fact, evidence suggests that, while Plaintiff put her Michigan home up for sale in order to qualify for Wal-Mart's generous relocation benefits, she listed the home at a significantly higher price than was suggested by Wal-Mart's relocation firm – which may account for her inability to sell. (Defendant's Exhibit E.)

C.  **Plaintiff presents facts that prove only her temporary residence in Arkansas, and not her intention to remain indefinitely in the state.**

Finally, the facts presented by Plaintiff to support her Motion for Remand – that she bought a house in Arkansas and moved her family there, that she enrolled her children in school and attended church in Arkansas, that she registered her vehicles and filed tax returns in Arkansas, and that she used her Arkansas address for billing purposes – prove only her Arkansas *residence*, and do not demonstrate her intention to remain in Arkansas indefinitely.

Indeed, for the first four months Plaintiff worked in Arkansas, she rented a corporate apartment; her subsequent home purchase simply took advantage of Defendant's generous

relocation package, including Defendant's willingness to pay the cost of Plaintiff's second mortgage and related payments (such as homeowners insurance and property taxes).  Roehm Deposition at 46-48; Exhibit D to Brief in Support of Plaintiff's Motion to Remand at 3-4.  Plaintiff was legally required to enroll her eldest child in school regardless of her long-term intentions, so this "fact" is likewise of little use in determining Plaintiff's subjective intent to remain in Arkansas indefinitely.  Plaintiff was similarly required by law to keep her vehicles licensed and registered.  Finally, Plaintiff's use of her Arkansas address for credit cards and other bills is simply what any rational person would do when temporarily moving to another state for several months – especially where, as here, no immediate family members remained at home to receive and pay such bills.

In reality, all of the "facts" asserted by Plaintiff in support of her Motion to Remand prove only what she has already admitted in her Complaint – that she resided temporarily in Arkansas – and provide little if any support for the conclusion that she intended to remain in Arkansas indefinitely.[3]  Viewed in context, the "facts" asserted in support of Plaintiff's Motion to Remand are nothing more than a thinly disguised effort to disavow admissions in her Complaint that no longer serve her litigation objectives.  Plaintiff cannot be allowed to change her story to suit her litigation posture *du jour*.  The Court should recognize Plaintiff's allegations

---

[3] Indeed, if Plaintiff's revised assertions about her domicile were correct, venue would not even lie in the Michigan state court where she filed, but instead would be in Arkansas.  *See, e.g., Russell v. Chrysler Corp.*, 443 Mich. 617, 623-624 (1993) (stating that doctrine of *forum non conveniens* applies even where one party is a resident of the forum state).

for what they are – a self-serving characterization of the facts, created for the express purpose of defeating removal to federal court, with no evidentiary support.[4]

### III.
### CONCLUSION

Plaintiff characterizes Defendant's allegations of Michigan citizenship as "wholly speculative and conclusory," *see* Plaintiff's Motion to Remand at 3, even though she was the one who alleged only a temporary relocation to Arkansas, and despite the fact that the supposed "ample evidence" she has provided, *see* Brief in Support of Plaintiff's Motion to Remand at 7, was not offered until she filed her Motion to Remand and has now proven to be suspect. Moreover, given the presumption against changed domiciles and Plaintiff's concession that she was a citizen of Michigan when she accepted employment with Defendant, it is Plaintiff who must present evidence that clearly demonstrates she established a new domicile in Arkansas – something she has not done, for the simple reason that it is not true. The evidence, including statements by Plaintiff herself, confirms that Plaintiff viewed her move to Arkansas as merely temporary. Although Plaintiff now professes an intent to remain in Arkansas indefinitely, these assertions should be afforded little weight by the court, as they were only made in a self-serving attempt to defeat removal, and because they directly contradict the other evidence.

Accordingly, Defendants respectfully request that this Court deny Plaintiff's Motion to Remand and retain jurisdiction over this case.

---

[4] Plaintiff has indicated that she intends to file an additional claim against Defendant for sex discrimination under Michigan law. The addition of such a claim would alter neither the domicile analysis nor the conclusion that Plaintiff has a Michigan domicile, of course. In fact, an attempt to invoke the protections of Michigan state law – like Plaintiff's selection of Michigan attorneys and Michigan courts – would only be further indication that she views herself as a citizen of Michigan.

DATED: **May 17, 2007**.

        Respectfully submitted,

        DYKEMA GOSSETT PLLC


        s/Debra M. McCulloch
        Debra M. McCulloch (P31995)
        Joseph A. Ritok, Jr. (P25472)
        Attorneys for Defendant
        39577 Woodward Avenue, Suite 300
        Bloomfield Hills, MI 48304
        (248) 203-0785
        dmcculloch@dykema.com

        GIBSON, DUNN & CRUTCHER LLP


        s/with consent Karl G. Nelson
        Eugene Scalia
        Karl G. Nelson
        David J. Debold (P39278)
        Of Counsel for Defendant
        1050 Connecticut Avenue, N.W.
        Washington, D.C. 20036
        (202) 955-9500
        EScalia@gibsondunn.com

        **Counsel for Defendant, Wal-Mart Stores, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2007, I electronically filed a true and correct copy of the foregoing **BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  John F. Schaefer (P19948) at bar@lfjfs.com and B. Andrew Rifkin (P46147) at bar@lfjfs.com, Eugene Scalia at EScalia@gibsondunn.com and to Sam Morgan (P36694) smorgan@sommerspc.com.

                                          s/Debra M. McCulloch
                                          Dykema Gossett PLLC
                                          39577 Woodward Avenue, Suite 300
                                          Bloomfield Hills, MI  48304-5086
                                          (248) 203-0785
                                          E-mail:  dmcculloch@dykema.com
                                          P31995

100216849_11.DOC