# Exhibit A

LEXSEE 8 FED. APPX. 486

KUMARALINGAM NAGALINGAM, Plaintiff-Appellant, v. WILSON, SOWARDS, BOWLING & COSTANZO; STUMBO, BOWLING & BARBER; MICHAEL D. BOWLING; GILLARD B. JOHNSON; ROBERT COSTANZO; JOYCE A. MERRITT, Defendants-Appellees.

No. 00-5453

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

8 Fed. Appx. 486; 2001 U.S. App. LEXIS 8744

May 1, 2001, Filed

**NOTICE:** [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** Eastern District of Kentucky. 00-00019. Coffman. 03-16-00.

**DISPOSITION:** Affirmed.

**COUNSEL:** KUMARALINGAM NAGALINGAM, Plaintiff - Appellant, Pro se, Salem, Tamil Nadu India.

**JUDGES:** Before: BOGGS and CLAY, Circuit Judges; GWIN, District Judge. *

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

**OPINION:** [*487]

ORDER

Kumaralingam Nagalingam, a former Kentucky resident, appeals pro se a district court order dismissing his breach of contract action for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *Fed. R. App. P. 34(a)*.

While in the custody of the Immigration and Naturalization Service in Louisiana pending deportation proceedings, [**2] Nagalingam filed this action against his prior retained counsel in a federal criminal trial. He alleged that he had paid the defendants $ 75,000 to represent him, and that they had breached the contract of representation by forcing him to plead guilty to two counts of an indictment for selling samples of prescription medication and mail fraud. Nagalingam alleged that defendants had a conflict of interest because of their relationship with some of the prosecution witnesses. He was later permitted to withdraw his guilty plea, and ultimately went to trial with his third retained counsel, whereupon he was found guilty of ninety-five counts of selling samples of prescription drugs and twenty-six counts of mail fraud. He served his sentence and was transferred to the custody of the INS.

The district court reviewed the complaint sua sponte and determined that subject matter jurisdiction was lacking because there was no diversity of citizenship of the parties; the complaint was therefore dismissed. Nagalingam filed a timely motion to alter or amend judgment pursuant to *Fed. R. Civ. P. 59(e)*, seeking to amend his complaint to allege jurisdiction under *42 U.S.C. § 1981*. [**3] The district court denied the motion. On appeal, Nagalingam reasserts his allegation that jurisdiction existed under § 1981. He has now been deported to India.

8 Fed. Appx. 486, *487; 2001 U.S. App. LEXIS 8744, **3

Page 2

Upon review, we conclude that the district court properly raised the issue of subject matter jurisdiction sua sponte, and, after finding that jurisdiction was lacking, dismissed the complaint. *See Fed. R. Civ. P. 12(h)(3)*; *Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir. 1992)*. This court reviews dismissals for lack of jurisdiction de novo. *Greater Detroit Res.* [*488] *Recovery Auth. v. United States EPA, 916 F.2d 317, 319 (6th Cir. 1990)*. Review of the complaint shows that the district court correctly concluded that diversity jurisdiction under *28 U.S.C. § 1332* was lacking. "For the purposes of [diversity jurisdiction], an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." *28 U.S.C. § 1332*(a). Nagalingam's domicile, i.e., the last place where he resided with the intention of remaining there indefinitely, *see Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 104 L. Ed. 2d 29, 109 S. Ct. 1597 (1989)*, [**4] did not change due to his involuntary detention elsewhere. *See Shaffer v. Tepper, 127 F. Supp. 892, 894 (E.D. Ky. 1955)*. Both parties were domiciliaries of Kentucky.

Nor did the district court abuse its discretion in denying Nagalingam's motion to alter or amend the judgment. The district court correctly noted that such a motion must be based on a change in the law, previously unavailable evidence, clear error of law, or manifest injustice. *See Firestone v. Firestone, 316 U.S. App. D.C. 152, 76 F.3d 1205, 1208 (D.C. Cir. 1996)*. Nagalingam alleged nothing in his motion which satisfied these requirements. He cited no new law, no evidence in support of a § 1981 claim, no error in the district court's order, and no manifest injustice.

If the motion were construed as one to amend the complaint, the district court similarly cannot be found to have abused its discretion, as the motion was post-judgment and futile. *See Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir. 1990)*. In order to state a claim under § 1981, Nagalingam was required to allege discrimination on the basis of race. *Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 931 (6th Cir. 1987)*. [**5] Nagalingam alleged nothing which would support a claim of race discrimination against the defendants. *See Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996)*. He continued to claim that the defendants' alleged breach of contract was due to a conflict of interest. Absent any facts which would justify an inference of race discrimination, the attempted amendment was a blatant attempt to confer jurisdiction where none existed.

For all of the above reasons, the order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.