# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JULIE ANN ROEHM,**

       Plaintiff,

                                    Case No. 2:07-CV-10168

vs

                                    HON. LAWRENCE P. ZATKOFF

**WAL-MART STORES, INC.,**
a Delaware corporation

       Defendant.

---

| | |
|---|---|
| THE LAW FIRM OF JOHN F. SCHAEFER | DYKEMA GOSSETT, PLLC |
| JOHN F. SCHAEFER, (P-19948) | DEBRA M. McCULLOCH, (P-31995) |
| ANDREW RIFKIN, (P-46147) | Attorney for Defendant |
| Attorneys for Plaintiff | 39577 Woodward Avenue, Suite 300 |
| 380 North Old Woodward, Suite 320 | Bloomfield Hills, Michigan 48304 |
| Birmingham, Michigan 48009 | (248) 203-0756 |
| (248) 642-6665 | |
| | |
| SOMMERS SCHWARTZ, P.C. | GIBSON DUNN & CRUTCHER, LLP |
| SAM G. MORGAN, (P-36694) | EUGENE SCALIA |
| KEVIN J. STOOPS, (P-64371) | KARL G. NELSON |
| Co-Counsel for Plaintiff | DAVID J. DEBOLD, (P-39278) |
| 2000 Town Center, Suite 900 | Co-Counsel for Defendant |
| Southfield, Michigan 48075 | 1050 Connecticut Avenue, N.W. |
| (248) 355-0300 | Washington, D.C. 20036 |
| | (202) 955-8500 |

---

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HER MOTION TO REMAND

Dockets.Justia.com

The Court should not be distracted from the simple task raised by Plaintiff's Motion – i.e., to determine whether: (1) Plaintiff was and has been physically present in Arkansas since February 6, 2006, and (2) whether Plaintiff demonstrated the intent to remain in Arkansas "indefinitely" at any time since February 6, 2006. The Court must rule that Plaintiff changed her domicile to Arkansas, and that Defendant's removal was improper, even if subsequent to establishing domicile in Arkansas Plaintiff realized that she would, or would have to look for work in another state.

If Plaintiff changed her domicile to Arkansas after February 6, 2002 (say, when she and her family completed their move to Arkansas, in mid-June 2006), then she remained a citizen of Arkansas at all times to the present. *Van Dunser v. Aronoff,* 915 F.2d 1071, 1072 (6th Cir., 1990) instructs that once a domicile is established, that domicile is not lost until a new domicile is acquired. The appropriateness of federal jurisdiction in a diversity case is determined at the time of removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 293 (1938). A removing defendant has the burden of proving the diversity jurisdiction requirement. *Gafford v. General Electric Co.,* 997 F.2d 150, 155 (6th Cir., 1993).

A.      **Plaintiff Did More Than "Merely Relocate Her Residence."**

Defendant argues that Plaintiff "merely relocated" her residence to Arkansas and, therefore, did not establish a new domicile in Arkansas. (Defendant's brief at pp. 3-5). Defendant cites to a case involving an individual who left the state for a "temporary" "overseas duty" as a medical missionary in Ethiopia [*Kaiser v. Loomis,* 391 F.2d 1007 (6th Cir., 1968)], and another case where the individual originally domiciled in Michigan, left the state for oral surgery training in Massachusetts, but with plans to move back to commence a residency at a Detroit, Michigan hospital for which he had already been accepted. [*Mallon v. Lutz,* 217 F. Supp. 454, 456 (E.D. Mich., 1963)]. The facts in this case are much

1

different. Here, evidence shows that Plaintiff relocated to Arkansas with the intent to remain in the new state indefinitely.

The Post-Termination Agreement and letter agreement (Exhibits C and D attached to Plaintiff's Motion) make clear that Plaintiff and Defendant expressed the intent that she was "not employed by Wal-Mart for a definite term" and that she was employed "on an at-will basis." (Exhibit C, p. 6, ¶ 8; Exhibit D, p. 3). As such, Plaintiff's employment with Defendant was, indisputably for an *indefinite* period of time. The letter agreement also describes a variety of lucrative compensation incentives that required Plaintiff to remain in Defendant's employ for several years. (Exhibit D, pp. 1-2). The job was located in Arkansas, and Plaintiff had to move to Arkansas to perform the job.

Defendant relies on *Nagalingam v. Wilson,* 8 Fed. Appx. 486, 488 (6th Cir., 2001), where the court ruled that domicile was the "last place where [plaintiff] resided with the intention of remaining there indefinitely." (Response, p. 3). Clearly, under this test, Plaintiff's domicile was in Arkansas both at the time she filed suit, and at the time Defendant filed its Notice of Removal. In fact, Plaintiff is still domiciled in Arkansas.

As set forth in Plaintiff's Motion, Plaintiff physically relocated herself to Arkansas in February 2006 in order to commence employment on February 6, 2006. Plaintiff and her husband put their house in Rochester Hills, Michigan up for sale in January 2006, and it has remained for sale ever since. Plaintiff and her husband purchased a new house in Bentonville, Arkansas in June 2006. Plaintiff moved her family and her furniture out of the Rochester Hills house, and into the Bentonville house over the weekend of June 17-18, 2006; she enrolled her two children in school in Arkansas; Plaintiff continued her at-will (indefinite duration) employment with Defendant until Defendant abruptly terminated her on December 4, 2006; Plaintiff's house in Michigan stands empty with a for sale sign in

front of it, and with Plaintiff having recently significantly reducing the sale price; and, Plaintiff and her family have continued to live in Arkansas, and will continue to live in Arkansas, indefinitely.

If the parties were fighting about whether or not Plaintiff changed her domicile to Arkansas between February 6, 2006 and June 18, 2006, a time when Plaintiff was living in temporary housing (her testimony was that she was living in the Hampton Inn in Bentonville, Exhibit F, p.48), only, there might be a legitimate argument to be made that Plaintiff had not yet completed a change in domicile. But, once the Arkansas house was purchased, the Michigan house was emptied and left on the market for sale, Plaintiff's family and furniture moved down to Arkansas, kids enrolled in school in Arkansas, a bank account opened in Arkansas, address changed to Arkansas for all billing statements from creditors, and a vehicle purchased and registered in Arkansas – all so that Plaintiff could be employed by Defendant indefinitely – Plaintiff's domicile changed to Arkansas.

In one of the cases cited by Defendant, *Nat'l Artists Mgm't Co., Inc. v. Weaving,* 769 F. Supp. 1224, 1228 (S.D. N.Y., 1991), the court ruled that in determining a party's domicile, a "totality of evidence" approach is called for, and no single factor is conclusive, ***although the residence of a married person's spouse and children is given considerable weight.*** Also, the court held that there is "no minimum period of residence necessary to establish domicile." *Id.,* at 1227. And, that the second element (i.e., the intent to stay indefinitely) "does not require that the person have an affirmative intent to remain permanently in the state…" *Id.*

### B. Voter Registration

Defendant has jumped on the fact that Plaintiff's affidavit, as Plaintiff learned during her deposition, included an inaccurate assertion that she registered to vote in Arkansas. During her deposition, Plaintiff testified that she in fact believed that she was a registered Arkansas voter:

> [J]UST to be clear with the voter registration, my recollection is that when I purchased my new vehicle down here at a local dealership in Bentonville/Rogers area, going to

3

> register the vehicle and pay taxes on it, there were at least two different office that you had to go to accomplish that task as it exits here for the State of Arkansas.
>
> And it is my recollection that there was a sheet of paper as part of the registration of your vehicle that was also voter registration. That – so I – That is in my mind that I did that ….

(Exhibit F, Plaintiff's deposition at p. 53-54). In response to defense counsel's question about a document printed from the Arkansas Secretary of State web site that indicated there was no record of Plaintiff registering to vote in Arkansas, and asked Plaintiff if that could be accurate, she testified:

> …[i]t's possible. Again, I thought for certain that there was a sheet that I checked…
>
> … I fully had a recollection that there was a sheet of paper that I marked for – is it possible that it wasn't a voter registration now that you're showing this; it was some other registration? It's possible. But I fully believed --- I would have gone to the polls next year to vote for our President, believing that I was registered.

*Id.,* at 54. To which, defense counsel replied: "I guess that's a fair point." *Id.*

Defendant's Response also fails omits Plaintiff's testimony that she did not vote in the November 2006 elections – not in Arkansas, and not in Michigan. *Id.,* 54-55. The fact that Defendant may be able to demonstrate that Plaintiff mistakenly believed that she was registered to vote in Arkansas does not affect the overwhelming facts that indicate that Plaintiff established domicile in Arkansas after moving to Arkansas for a job for an indefinite duration.

      C.    <u>**Location of Plaintiff's Attorneys.**</u>

That Plaintiff's attorneys are located in Michigan is not significant to the domiciliary intent analysis in this case. During her deposition, Plaintiff explained that she retained her Michigan lawyer based on a referral from a former colleague, who had experience with Mr. Schaefer on matters related to business, and he referred her him. (Exhibit F, pp. 4-9). Plaintiff's employment prior to Defendant was with DaimlerChrysler in Auburn Hills, Michigan, and before that she was employed by Ford Motor Company, in Dearborn, Michigan. Moreover, a review of *Nat'l Artists Mgm't Co. v. Weaving, supra.,* at p. 1228 (cited by Defendant for this argument), reveals that the location of a person's lawyer is not

4

"[a]mong the influential factors…", but rather is one of the "other factors" that some courts have listed as being relevant to the determination. *Id.* The fact that Plaintiff's lawyers are located in Michigan do not affect the fact that she established domicile in Arkansas by mid-June 2006.

### D. **Statements contained in Plaintiff's complaint.**

The fact that Plaintiff's original Complaint stated that she "temporarily relocated her husband and children from their home in Rochester Hills to a house in Bentonville, Arkansas[ ]" does not change the analysis. Naturally, Defendant fails provide what it learned about this allegation during Plaintiff's deposition, where she testified that at the time the complaint was filed (December 15, 2006) she believed that, due to her unilateral termination two weeks earlier, she would have to move from Bentonville, Arkansas because of limited job opportunities:

> Well, given the date, it was December 15th, so it was a week and half after I had been fired from Wal-Mart. Clearly at that point in time my – my residence was temporary because I very much understood that the opportunity for me to find comparable employment in Bentonville, Arkansas was almost nothing. So at that point in time, my mind-set was I was temporarily living there.

(*Id.* at p. 53). That Plaintiff realized that her stay in Arkansas would, after all, prove to be temporary does not mean that her domicile did not change to Arkansas at least six months earlier, when she and her family moved to Arkansas for an indefinite period of time..

Defendant also seems to take the position that Plaintiff's Complaint states that Plaintiff is a citizen of Michigan. However, nowhere is there such an allegation in Plaintiff's Complaint.

Plaintiff's Motion for Remand should be GRANTED.

s\Sam G. Morgan, (P-36694)
Sommers Schwartz, P.C.
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan 48075
(248) 355-0300
smorgan@sommerspc.com

Dated: May 25, 2007

5

**CERTIFICATE OF SERVICE**

I certify that on May 25, 2007, I electronically filed the aforementioned documents with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

> John F. Schaefer (P-19948) at bar@lfjfs.com
> B. Andrew Rifkin (P-46147) at bar@lfjfs.com
> Eugene Scalia at escalia@gibsondunn.com
> Debra M. McCulloch (P-31995) at dmcculloch@dykema.com
>
> and I hereby certify that I have mailed by United States Postal Service the papers to the following non-ECF participants: N/A

> s/Sam G. Morgan, (P-36694)
> Sommers Schwartz, P.C.
> 2000 Town Center, Suite 900
> Southfield, Michigan 48075
> (248) 746-4040
> smorgan@sommerspc.com