# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JULIE ANN ROEHM,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

CASE NO. 2:07-cv-10168

Judge Lawrence P. Zatkoff
Mag. Judge R. Steven Whalen

---

| | |
|---|---|
| THE LAW FIRM OF JOHN F. SCHAEFER<br>JOHN F. SCHAEFER, (P-19948)<br>ANDREW RIFKIN, (P-46147)<br>Attorneys for Plaintiff<br>380 North Old Woodward, Suite 320<br>Birmingham, Michigan 48009<br>(248) 642-6665 | DYKEMA GOSSETT PLLC<br>DEBRA M. MCCULLOCH (P-31995)<br>JOSEPH A. RITOK, JR. (P-25472)<br>Attorneys for Defendants<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, MI  48304<br>(248) 203-0785 |
| SOMMERS SCHWARTZ, P.C.<br>SAM G. MORGAN, (P-36694)<br>KEVIN J. STOOPS, (P-64371)<br>Co-Counsel for Plaintiff<br>2000 Town Center, Suite 900<br>Southfield, Michigan 48075<br>(248) 355-0300 | GIBSON, DUNN & CRUTCHER LLP<br>EUGENE SCALIA<br>KARL G. NELSON<br>DAVID J. DEBOLD (P-39278)<br>Of Counsel for Defendant<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C.  20036<br>(202) 955-9500 |

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>**

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby respectfully submits its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and Demand for Trial by Jury ("First Amended Complaint") pursuant to Rules 8 and 15 of the Federal Rules of Civil Procedure. All allegations not specifically admitted by this Answer are generally denied.

**JURISDICTION AND PARTIES**

1. Defendant admits on information and belief that Plaintiff presently resides in the State of Arkansas, but denies that Plaintiff is or ever was a citizen of Arkansas.

2. Defendant admits that Wal-Mart was and is a Delaware corporation, and that Wal-Mart maintains its principal place of business in Arkansas.

3. Defendant admits that prior to January 13, 2006, Plaintiff was a citizen of the State of Michigan, employed by the DaimlerChrysler Corporation, residing with her family in Oakland County, Michigan, but denies any inference or implication that Plaintiff is no longer a Michigan citizen.

4. Defendant admits that on or about January 13, 2006, Plaintiff accepted employment with Wal-Mart pursuant to the terms reflected in an offer letter dated January 11, 2006 (the "Offer Letter") and entered into a Post Termination Agreement and Covenant Not to Compete with Wal-Mart (the "Post Termination Agreement").

5. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the First Amended Complaint.

6. Defendant admits the allegations in Paragraph 6 of the First Amended Complaint.

7. Defendant denies that Plaintiff was required as an express condition of employment in the Offer Letter to relocate to Northwest Arkansas.

8. Defendant denies that Paragraph 8 of the First Amended Complaint fully and accurately sets forth the provisions of the "Relocation" portion of the Offer Letter and further denies any inference or implication in Paragraph 8 of the First Amended Complaint that Plaintiff intended her relocation to Northwest Arkansas to be anything other than a temporary one. Subject to the foregoing, Defendant admits that it agreed to provide Plaintiff with a relocation and temporary living allowance to assist with the costs associated with Plaintiff's relocation to Bentonville; that it agreed to cover "real estate fees associated with the sale of [Plaintiff's] current home," along with the "closing costs associated with the purchase of a home in Northwest Arkansas;" and, to provide Plaintiff with a "double rent/mortgage" benefit that would, upon enactment by Plaintiff, "defer payments of the lesser mortgage/rent to Wal-Mart Stores, Inc." for up to six months; all subject to the terms and conditions described more fully in the Offer Letter.

9. Defendant admits on information and belief that Plaintiff initially listed her home in Rochester Hills, Michigan, for sale on or about January 27, 2006, with Jack Christenson Realtors, before signing an exclusive right to sell contract with SIRVA Relocation, LLC on or about February 13, 2006.

10.     Defendant admits that Plaintiff commenced employment with Defendant on or about February 6, 2006, at which point she secured temporary lodging in Arkansas at a local hotel, but denies any inference or implication that Plaintiff intended to reside in Arkansas indefinitely.

11.     Defendant admits on information and belief the allegations in Paragraph 11 of the First Amended Complaint.

12.     Defendant admits on information and belief that on or about June 16, 2002, Plaintiff and her husband purchased a house in the Bentonville, Arkansas area.

13.     Defendant admits on information and belief that in June 2002, Plaintiff's husband and children moved out of their home in Rochester Hills, Michigan, and into their newly purchased house in Bentonville, Arkansas.

14.     Defendant denies the allegations in Paragraph 14 of the First Amended Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the First Amended Complaint.

16.     Defendant admits on information and belief the allegations in Paragraph 16 of the First Amended Complaint.

17. Defendant admits that it has, directly and/or indirectly, maintained retail stores and/or offices in, and conducted regular and ongoing business in the County of Oakland, State of Michigan, since at least January 13, 2006.

18. Defendant admits that the amount in controversy in this cause of action, exclusive of interest and costs, is greater than Twenty-Five Thousand ($25,000.00) Dollars, but denies any implication or inference that the amount in controversy is equal to or less than Seventy-Five Thousand ($75,000.00) Dollars, and further denies that Plaintiff is entitled to the recovery she seeks.

19. Defendant denies the allegations of Paragraph 19 of the First Amended Complaint.

20. Defendant admits that the Offer Letter does not contain a choice of forum provision, but denies that the Post Termination Agreement, which is included with the Offer Letter as Exhibit A to Plaintiff's First Amended Complaint, does not contain a choice of forum provision.

21. Defendant denies the allegations of Paragraph 21 of the First Amended Complaint.

22. Defendant denies the allegations of Paragraph 22 of the First Amended Complaint.

## COMMON FACTUAL ALLEGATIONS

23.     Defendant denies that Paragraph 23 of the First Amended Complaint sets forth fully and accurately the compensation provisions contained in the Offer Letter.  Subject to the foregoing, Defendant admits that Plaintiff's offer of at-will employment provided for a signing bonus of $250,000 and a base salary of $325,000, and (1) eligibility to participate in the Wal-Mart Stores, Inc. Management Incentive Plan beginning with the fiscal year ending January 31, 2007, based upon Defendant reaching certain pre-established performance measures and Plaintiff remaining employed through January 31 of each fiscal year, (2) a restricted stock award with a value of approximately $300,000, to be vested over a period from three to five years after the grant date, contingent upon Plaintiff's continued employment, (3) stock options with a value of approximately $500,000, to be vested over a period of the first five years after the date of grant, contingent upon Plaintiff's continued employment, (4) possible annual equity awards, normally granted during the first quarter of the calendar year, based on Plaintiff's performance and continued position as an officer of Wal-Mart, (5) four weeks of vacation annually, and (6) various other benefits as provided for in the Offer Letter.  Defendant denies that its offer of at-will employment to Plaintiff provided for an "annual equity award" with a guaranteed value of $500,000, as the Offer Letter states that "[i]f the annual equity award is in another form of equity or combined with stock options, your annual equity award would be based on a value of less than $500,000."  Defendant denies the remaining allegations of Paragraph 23 of the First Amended Complaint.

24. Defendant denies that Paragraph 24 of the First Amended Complaint sets forth fully and accurately the Post Termination Agreement's provisions regarding "Transition Payments." Subject to the foregoing, Defendant admits that, in the Post-Termination Agreement, it agreed to supply Plaintiff with "Transition Payments" for a period of one year subject to various conditions and offsets described in that agreement, one of which provided that "Transition Payments will not be paid if you are terminated as the result of a violation of Wal-Mart policy."

25. Defendant denies that Paragraph 25 of the First Amended Complaint fully and accurately describes the only exceptions to Defendant's obligation to make Transition Payments under the Post-Termination Agreement.

26. Defendant denies the allegation in Paragraph 26 of the First Amended Complaint that Plaintiff and her family made their home in Arkansas. Defendant also denies any implication or inference that Plaintiff ever held an intent to relocate to the State of Arkansas on more than a temporary basis. Defendant lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegation that she took the various actions described in Paragraph 26 based upon and in reliance on the provisions of the Offer Letter and Post-Termination Agreement. Subject to the foregoing, Defendant admits, based on information and belief, that Defendant: (1) accepted and executed both of these agreements, (2) resigned her employment with DaimlerChrysler Corporation, (3) put her Michigan house up for sale, (4) temporarily relocated to Bentonville, Arkansas, (5) commenced employment with Defendant on

or about February 6, 2006, (6) purchased a new house in Bentonville, Arkansas on or about June 16, 2006, and (7) temporarily relocated her husband and children to Arkansas.

27.    Defendant admits that Plaintiff's employment with Defendant lasted less than one year. Defendant further admits that Plaintiff intended her relocation to Bentonville, Arkansas to be temporary.

28.    Defendant admits that Plaintiff was informed on December 4, 2006 that her employment was being terminated. Defendant denies the remaining allegations in Paragraph 28.

29.    Defendant denies the allegations in Paragraph 29 of the First Amended Complaint.

30.    Defendant denies the allegations in Paragraph 30 of the First Amended Complaint.

31.    Defendant denies the allegations in Paragraph 31 of the First Amended Complaint.

32.    Defendant denies the allegations in Paragraph 32 of the First Amended Complaint.

33.    Defendant admits that upon terminating Plaintiff's employment with Defendant based on Plaintiff's violations of Wal-Mart policies, it ceased paying Plaintiff's salary, terminated Plaintiff's participation in Defendant's Management Incentive Plan, terminated Plaintiff's restricted stock options and other equity compensation, and terminated the other

benefits as described in the Offer Letter and the Post-Termination Agreement, in accordance with the provisions of those agreements.

34. Defendant admits that it has possession of certain personal effects believed to belong to Plaintiff, including a step ladder and paint supplies, which Defendant has invited Plaintiff to collect. Defendant denies that Plaintiff has ownership or right of control of any electronic records stored on Defendant's computer systems, or that Plaintiff has ownership or right of control of electronic data left in Defendant's possession containing potentially proprietary information of Defendant or other individuals and/or business entities.

35. Defendant denies the allegations in Paragraph 35 of the First Amended Complaint.

36. To the extent the allegations in Paragraph 36 of the First Amended Complaint set forth one or more legal conclusions, they require no response. Subject to the foregoing, Defendant denies the allegations in Paragraph 36 of the First Amended Complaint.

## COUNT I – BREACH OF CONTRACT

37. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 36 above.

38. To the extent the allegations in Paragraph 38 of the First Amended Complaint set forth one or more legal conclusions, they require no response. Subject to the foregoing, Defendant admits that the Post-Termination Agreement is to be construed in accordance with Delaware law.

39. To the extent the allegations in Paragraph 39 of the First Amended Complaint set forth one or more legal conclusions, they require no response. Subject to the foregoing, Defendant admits that it drafted the Post-Termination Agreement.

40. Defendant admits that it terminated Plaintiff's employment in response to its discovery that Plaintiff had violated Wal-Mart policies on multiple occasions, but denies that it "initiated" Plaintiff's separation from Wal-Mart.

41. Defendant denies the allegations in Paragraph 41 of the First Amended Complaint.

42. Defendant denies the allegations in Paragraph 42 of the First Amended Complaint.

43. Defendant denies the allegations in Paragraph 43 of the First Amended Complaint.

44. Defendant denies the allegations in Paragraph 44 of the First Amended Complaint.

45. Defendant denies the allegations in Paragraph 45 of the First Amended Complaint.

Defendant denies the allegations contained in the un-numbered prayer for relief following Paragraph 45 of the First Amended Complaint and further denies that Plaintiff is entitled to any of the relief she seeks.

## COUNT II – BREACH OF THE DUTIES OF GOOD FAITH AND FAIR DEALING

46. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 45 above.

47. To the extent the allegations in Paragraph 47 of the First Amended Complaint set forth one or more legal conclusions, they require no response. Subject to the foregoing, Defendant denies the allegations in Paragraph 47 of the First Amended Complaint.

48. To the extent that the allegations in Paragraph 48 of the First Amended Complaint set forth one or more legal conclusions, they require no response. Subject to the foregoing, Defendant denies the allegations in Paragraph 48 of the First Amended Complaint.

49. Defendant denies the allegations in Paragraph 49 of the First Amended Complaint.

50. Defendant denies the allegations in Paragraph 50 of the First Amended Complaint.

51. Defendant denies the allegations in Paragraph 51 of the First Amended Complaint.

52. Defendant denies the allegations in Paragraph 52 of the First Amended Complaint.

53. Defendant denies the allegations in Paragraph 53 of the First Amended Complaint.

54. Defendant denies the allegations in Paragraph 54 of the First Amended Complaint.

Defendant denies the allegations contained in the un-numbered prayer for relief following Paragraph 54 of the First Amended Complaint and further denies that Plaintiff is entitled to any of the relief she seeks.

## COUNT III – FRAUD AND MISREPRESENTATION

55. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 54 above.

56. Defendant admits that it agreed to compensate Plaintiff pursuant to the terms of the Offer Letter and the Post-Termination Agreement. Defendant denies that the remainder of Paragraph 56 of the First Amended Complaint fully and accurately describes the terms of the Offer Letter and Post-Termination Agreement or any representations by Defendant in connection therewith.

57. Defendant denies the allegations in Paragraph 57 of the First Amended Complaint.

58. Defendant denies the allegations in Paragraph 58 of the First Amended Complaint.

59. Defendant denies the allegations in Paragraph 59 of the First Amended Complaint.

60.     Defendant denies that it misrepresented any material fact to Plaintiff, and further denies that Plaintiff took any actions in reliance on any alleged misrepresentations by Defendant. Defendant denies the remaining allegations in Paragraph 60 of the First Amended Complaint, except that Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 60 regarding Plaintiff's employment and compensation with DaimlerChrysler Corporation. Defendant denies any inference or implication in Paragraph 60 that Plaintiff intended her relocation to the State of Arkansas to be anything other than temporary.

61.     Defendant denies the allegations in Paragraph 61 of the First Amended Complaint.

Defendant denies the allegations contained in the un-numbered prayer for relief following Paragraph 61 of the First Amended Complaint and further denies that Plaintiff is entitled to any of the relief she seeks.

**COUNT IV – CLAIM AND DELIVERY**

62.     Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 61 above.

63.     Defendant admits that it has possession of certain personal effects believed to belong to Plaintiff, including a step ladder and paint supplies, which Defendant has invited Plaintiff to collect. Defendant denies that Plaintiff has ownership or right of control of any electronic records stored on Defendant's computer systems, or that Plaintiff has ownership or

13

right of control of electronic data left in the possession of Defendant that contains potentially proprietary information of Defendant or other individuals and/or business entities.

64. Defendant denies that it has refused to return any of Plaintiff's belongings; to the contrary, Defendant has invited Plaintiff to collect her personal property at her convenience.

Defendant denies the allegations contained in the un-numbered prayer for relief following Paragraph 64 of the First Amended Complaint and further denies that Plaintiff is entitled to any of the relief she seeks.

### COUNT V – GENDER DISCRIMINATION

65. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 64 above.

66. Defendant admits that Plaintiff was employed by Defendant in the State of Arkansas from approximately February 6, 2006, until December 4, 2006. To the extent that the remaining allegations in Paragraph 66 of the First Amended Complaint set forth one or more legal conclusions, they require no response. Subject to the foregoing, Defendant denies the remaining allegations in Paragraph 66 of the First Amended Complaint.

67. To the extent that the allegations in Paragraph 67 of the First Amended Complaint set forth one or more legal conclusions, they require no response. Subject to the foregoing, Defendant denies the allegations in Paragraph 67 of the First Amended Complaint.

68. To the extent that the allegations in Paragraph 68 of the First Amended Complaint set forth one or more legal conclusions, they require no response. Subject to the foregoing, Defendant denies the allegations in Paragraph 68 of the First Amended Complaint.

69. To the extent that the allegations in Paragraph 69 of the First Amended Complaint set forth one or more legal conclusions, they require no response. Subject to the foregoing, Defendant denies the allegations in Paragraph 69 of the First Amended Complaint.

70. To the extent that the allegations in Paragraph 70 of the First Amended Complaint set forth one or more legal conclusions, they require no response. Subject to the foregoing, Defendant denies the allegations in Paragraph 70 of the First Amended Complaint.

71. To the extent that the allegations in Paragraph 71 of the First Amended Complaint set forth one or more legal conclusions, they require no response. Subject to the foregoing, Defendant denies the allegations in Paragraph 71 of the First Amended Complaint.

72. To the extent that the allegations in Paragraph 72 of the First Amended Complaint set forth one or more legal conclusions, they require no response. Subject to the foregoing, Defendant denies the allegations in Paragraph 72 of the First Amended Complaint.

73. Defendant denies the allegations in Paragraph 73 of the First Amended Complaint.

74. Defendant denies the allegations in Paragraph 74 of the First Amended Complaint.

Defendant denies the allegations contained in the un-numbered prayer for relief following Paragraph 74 of the First Amended Complaint and further denies that Plaintiff is entitled to any of the relief she seeks.

Except as specifically admitted herein, Defendant denies every other allegation and implication of wrongdoing in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The First Amended Complaint, and the allegations therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent that Plaintiff's claims are based on Michigan law, some or all of Plaintiff's claims fail to the extent that they are premised on the existence of an implied covenant of good faith and fair dealing, which does not exist for employment contracts under Michigan law.

### THIRD DEFENSE

The First Amended Complaint, and each allegation of fraud and misrepresentation therein, fails to aver the circumstances constituting fraud with particularity in accordance with Federal Rule of Civil Procedure 9(b), and all such allegations should accordingly be dismissed.

## FOURTH DEFENSE

The First Amended Complaint, and each allegation of fraud and misrepresentation therein, fails because each such allegation is based on statements relating to future contractual promises, and not on statements relating to a past or existing fact.

## FIFTH DEFENSE

The First Amended Complaint, and each allegation of fraud and misrepresentation therein, fails insofar as it relies on parol evidence not incorporated into the controlling written agreement.

## SIXTH DEFENSE

Any recovery by Plaintiff is barred by her own improper conduct or "unclean hands," including conduct that caused or contributed to the damages Plaintiff alleges.

## SEVENTH DEFENSE

Plaintiff's right to recovery, if any, must be offset by her failure to reasonably mitigate her alleged losses.

## EIGHTH DEFENSE

The imposition of punitive or exemplary damages in this case would violate Defendant's rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to

the Constitution of the United States and would violate the public policy and law of the State of Michigan.

### NINTH DEFENSE

The imposition of punitive or exemplary damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TENTH DEFENSE

The First Amended Complaint fails to set forth facts sufficient to constitute a claim for punitive damages or exemplary damages in that neither Defendant nor its agents, if any, acted with malice, fraud, oppression, or any other state sufficient to sustain punitive or exemplary damages with respect to the Plaintiff.

Defendant reserves the right to assert any and all additional affirmative defenses that discovery or other evidence may reveal to be appropriate. Defendant further reserves the right to amend its Answer or otherwise plead in response to Plaintiff's First Amended Complaint, and to file such other Motions as it may deem advisable in defense of the case or as warranted by information adduced through the discovery process.

WHEREFORE, having answered the First Amended Complaint and set forth its affirmative defenses thereto, Defendant respectfully requests that this Court:

a. Order that Plaintiff take nothing by her lawsuit;

b. Dismiss this action with prejudice;

c. Award Defendant its reasonable costs and attorneys' fees; and

d. Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

DYKEMA GOSSETT PLLC

s/Debra M. McCulloch
Debra M. McCulloch (P-31995)
Attorneys for Defendant
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0786
dmcculloch@dykema.com

GIBSON, DUNN & CRUTCHER LLP

s/with consent of Karl G. Nelson
Eugene Scalia
Karl G. Nelson
David J. Debold (P-39278)
Of Counsel for Defendant
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-9500
EScalia@gibsondunn.com

DATE: May 29, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2007, I electronically filed a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  John F. Schaefer (P19948) at bar@lfjfs.com and B. Andrew Rifkin (P46147) at bar@lfjfs.com, Eugene Scalia at EScalia@gibsondunn.com and to Sam Morgan (P36694) smorgan@sommerspc.com.

                                    s/Debra M. McCulloch
                                    Dykema Gossett PLLC
                                    39577 Woodward Avenue, Suite 300
                                    Bloomfield Hills, MI  48304-5086
                                    (248) 203-0785
                                    E-mail:  dmcculloch@dykema.com
                                    P31995

100229057_1.DOC