UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE ANN ROEHM,

      Plaintiff,

CASE NO. 07-10168
HON. LAWRENCE P. ZATKOFF

v.

WAL-MART STORES, INC.,

      Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER OF REMAND

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 4, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's motion for remand, filed on April 16, 2007. Defendant has responded and Plaintiff has replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's motion to remand is GRANTED.

## II. BACKGROUND

In February of 2006, Plaintiff, then a citizen of Michigan, entered into an employment

contract with Defendant, headquartered in Arkansas. The employment contract was for an indefinite period of duration. Plaintiff moved to Arkansas in February of 2006. Plaintiff purchased a house in Arkansas, and Plaintiff's husband and two children moved there in August of 2006. The children are currently enrolled in Arkansas schools, and the family vehicles are registered in Arkansas. Plaintiff submitted her 2006 income tax returns using the Arkansas address. Plaintiff retained her Michigan driver's license and voter's registration, and her primary checking account remains in Michigan. Plaintiff's house in Michigan was placed on the market, but has not yet been sold.

On December 4, 2006, Defendant terminated Plaintiff's employment. Plaintiff brought suit in Oakland County Circuit Court on December 15, 2006. Defendant removed the case on January 10, 2007 on the basis of diversity jurisdiction, and Plaintiff filed the instant motion to remand on April 16, 2007.

### III. LEGAL STANDARD

"'Citizenship' for purposes of the diversity statute is synonymous not with 'residence' but with 'domicile.'" *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "[C]itizenship is not necessarily lost by protracted absence from home, where the intention to return remains." *Kaiser*, 391 F.2d at 1009-1010 (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). The party asserting a change in citizenship bears the burden of proof. *Kaiser*, 391 F.2d at 1010.

### IV. ANALYSIS

Plaintiff argues that she and Defendant are both citizens of Arkansas, and thus the Court does

not have diversity jurisdiction. Plaintiff notes that after she began working for Defendant in Arkansas, she purchased a house in Arkansas and listed her Michigan house for sale. Plaintiff's husband and their two children live with her in Arkansas. Furthermore, the children are enrolled in Arkansas schools, and the family vehicles are registered in Arkansas. Plaintiff submitted her 2006 income tax returns using the Arkansas address. Plaintiff argues that these facts demonstrate that she left Michigan with the intent of remaining in Arkansas indefinitely, and thus she established a new domicile in Arkansas.

In response, Defendant argues that Plaintiff viewed the job in Arkansas as a stepping stone to another opportunity, and always intended to return to Michigan. Defendant points to Plaintiff's statement in her original complaint that she "temporarily relocated her husband and children from their home in Rochester Hills, Michigan, to a house in Bentonville, Arkansas." Plaintiff explains that the statement in the complaint reflected her situation after she was terminated by Defendant: Plaintiff claims that there were no other employment opportunities in Bentonville, so she was forced to look elsewhere for work. Thus, in hindsight, Plaintiff's residence in Arkansas was temporary. However, Plaintiff maintains that she originally moved to Arkansas with the intent of remaining there indefinitely.

The Court notes that Plaintiff's employment contract with Defendant was for an indefinite term, and contained stock options that vested five years after commencement of employment. Although Defendant argues that Plaintiff always intended to return to Michigan, the emails Defendant has produced are vague and equivocal, and do not establish that Plaintiff intended to return to Michigan after a temporary period of employment with Defendant.

On balance, the facts in this case show that Plaintiff established a domicile in Arkansas.

Although Plaintiff retains a Michigan driver's license and bank account, she purchased a house in Arkansas, listed her Michigan house for sale, moved her family to Arkansas, registered her vehicles in Arkansas, and used her Arkansas address to submit her income tax returns. These facts show that Plaintiff intended to remain in Arkansas indefinitely, and established a domicile there. Thus, both Plaintiff and Defendant are citizens of Arkansas, and the Court does not have diversity jurisdiction.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is GRANTED. The Court hereby ORDERS that the case be remanded to Oakland County Circuit Court

IT IS SO ORDERED.


        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: June 4, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 4, 2007.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290